(No. 21840.—

THE W. J. NEWMAN COMPANY, Plaintiff in Error, *vs.* THE
INDUSTRIAL COMMISSION *et al.*—(DUDLEY NEE, De-
fendant in Error.)

*Opinion filed June 22, 1933—Rehearing denied October 6, 1933.*

ANGERSTEIN, PIGGOTT & ANGERSTEIN, (THOMAS C.
ANGERSTEIN, of counsel,) for plaintiff in error.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for de-
fendant in error.

Mr. CHIEF JUSTICE ORR delivered the opinion of the
court:

At the April term this court awarded a writ of error to
review the judgment of the superior court of Cook county
confirming an award of the Industrial Commission in favor

of Dudley Nee under the Workmen's Compensation act. The petitioner, the W. J. Newman Company, raised no question as to its liability to pay compensation for a permanent total disability to Nee resulting from his injury, but in this proceeding has asked for an adjustment of the claim for continued payment of medical, surgical and hospital services under the provisions of paragraph (a) of section 8 of the act.

The facts are not in dispute. Nee suffered an accidental injury arising out of and in the course of his employment by plaintiff in error on July 3, 1929, resulting in his permanent total disability. Compensation to the extent of $1980 was paid, at the rate of $20 per week, to May 26, 1931. The sum of $10,777.55 was also paid for medical, surgical and hospital services to June 30, 1931. On May 28, 1931, an application was filed by plaintiff in error for adjustment of the claim under paragraph (a) of section 8 of the act, raising the sole question whether it was required to continue furnishing medical, surgical and hospital services to the totally and permanently disabled employee. On the last mentioned application the arbitrator entered an award of $20 per week for 235 weeks and thereafter a pension for life in the amount of $376 annually, payable at the rate of $31.33 per month, and further found and awarded that "the respondent is entitled to such further care as is reasonably required to relieve from the effect of the injury, as provided in section 8, paragraph (a), of the Workmen's Compensation act." The Industrial Commission confirmed the award of the arbitrator on May 7, 1932, and the superior court of Cook county confirmed the award of the Industrial Commission on January 4, 1933.

The case presents a new question, in that paragraph (a) of section 8 of the Workmen's Compensation act has not heretofore been construed by this court. In behalf of plaintiff in error it is contended that paragraph (a) of section 8 does not require employers to furnish medical, surgical and

hospital services indefinitely, but that the purpose and intention of the legislature are to require the employer to furnish those services only to such an extent as might be reasonably necessary to cure or relieve from the effects of the injury; that "cure" and "relieve" are of essentially the same meaning, in the sense that a disability may be cured or relieved or reduced to an extent that will permit the employee to return to some gainful occupation, and that when it has been definitely determined that the condition of disability cannot be cured or reduced or relieved because it is a permanent total disability, then, if the employer agrees to pay the compensation provided by the act for permanent total disability, he cannot longer be required to continue to provide hospital, surgical and medical services. In the latter case it is insisted that the burden of such further care of an employee who has been totally and incurably disabled should fall upon society through its publicly or privately endowed institutions and homes.

Paragraph (a) of section 8 of the Workmen's Compensation act of Illinois (Smith's Stat. 1931, chap. 48, par. 145,) provides, in part, as follows: "The employer shall provide the necessary first aid medical and surgical services, and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the injury."

The injury suffered by Nee in 1929 was a fractured spine, with resulting paralysis from the hips down. The medical evidence was that his condition was that of permanent total disability, and that no medical, surgical or hospital treatment or services could reduce his disability or restore him to any gainful occupation. From the date of his injury to the present time he has been in Henrotin Hospital, in Chicago. The services of some person are required to keep him in a clean and sanitary condition and to lift or move him about. He requires attention as to the function-

ing of the bowels and urination and is seen at times by a physician, who gives him prescriptions when needed. He is a man slightly over thirty years of age, with a wife and five children, the oldest of them nine years of age. At the time of his injury, in 1929, his wages were $60 a week. Neither his wife nor any member of his family can give him the care and attention which his helpless condition requires. A nurse at the hospital testified that she had supervised his care for a year and a half; that they had to give him enemas the first thing each morning; that he had bed sores that would nearly heal at times and then break out again, requiring two dressings a day; that a therapeutic light is given him twice a day; that his legs are massaged and he is bathed daily, and that the actual time required for his care and treatment is from three to four hours a day. Other evidence tended to show that the special food and professional skill required to properly care for him could only be furnished in a hospital.

This is a novel and exceptional case. Under such circumstances caution is required in the construction of the particular statute so as not to extend it or affect its general application to the thousands of other cases not presenting such unusual features. In construing paragraph (a) of section 8, since the curing of Nee is admittedly impossible, two principal questions confront us, viz.: First, whether the services rendered or to be rendered are reasonably necessary to relieve the employee from the effects of his injury; and secondly, if such services are necessary, whether power is conferred upon this court to say when such services shall be terminated. Reference to the record clearly shows that Nee is beyond hope of cure from medical skill. It further shows that the medical, surgical and hospital services he had been and is now receiving are not only necessary but also adequate to relieve him, as far as possible, from the effects of his injury. The findings of the Industrial Commission on this phase of the question are unques-

tionably in accord with the manifest weight of the evidence. We are therefore left solely with the question whether, by a construction of paragraph (*a*) of section 8 of the Workmen's Compensation act, this court can say, not only in this case but in other cases of exceptional nature hereafter presented, that the medical, surgical and hospital services rendered by an employer where no cure is possible, may, with justice both to the employer and the injured employee, be terminated after a reasonable length of time, to be determined according to the varying circumstances of each particular case. In other words, can it be said that the last phrase of paragraph (*a*) should be interpreted to mean that when an employer has done that which is reasonably required to cure an injured employee from the effects of his injury and medical advice indicates that a cure is hopeless, the employer is thereafter relieved from any further liability, under the act, to furnish medical, surgical and hospital services. We cannot adopt any such literal or strained construction of paragraph (*a*) as plaintiff in error urges in this case, to the effect that the words "cure" and "relieve" mean virtually the same thing. A workman who is cured is, of course, relieved from the effects of his injury, but one who is incurable, as in the present case, may still need skillful attention to relieve him of pain or other injurious effects caused by his injury. This is only the natural and usual meaning of the words used. It is a construction in accordance with the general spirit and humane purpose of the act. The Workmen's Compensation act is a humane law of a remedial nature, and wherever construction is permissible its language should be liberally construed. (*City of Chicago* v. *Industrial Com.* 291 Ill. 23; *Chicago Cleaning Co.* v. *Industrial Board,* 283 id. 177.) A strained construction not fairly within the provisions of the act cannot be supported. (*Berry Co.* v. *Industrial Com.* 318 Ill. 312.) There was no denial by the employer of liability, and it has been repeatedly held by this court that the furnishing

of medical, surgical and hospital services must be regarded as the payment of compensation under the act. *Goodman Manf. Co.* v. *Industrial Com.* 316 Ill. 394, and cases cited.

What is now paragraph (*a*) of section 8 of the act has undergone successive amendments at the hands of the legislature. Beginning with 1911, when the section was first adopted, it was amended in 1919 and then again changed to its present form in 1925. The relevant parts of the section appeared at these different times as follows:

(1911) The employer shall provide the "necessary first aid, medical, surgical and hospital services, also medicine and hospital services for a period not longer than eight weeks, not to exceed, however, the amount of $200, also necessary services of a physician or surgeon during such period of disability," etc. (Laws of 1911, sec. 5, p. 317.)

(1919) "The employer shall provide the necessary first aid medical and surgical services; all necessary hospital services during the period for which compensation may be payable; also all necessary medical and surgical services for a period not longer than eight weeks, not to exceed, however, an amount of $200, and in addition such medical or surgical services in excess of such limits as may be necessary during the time such hospital services are furnished. All the foregoing services shall be limited to those which are reasonably required to cure and relieve from the effects of the injury," etc. (Laws of 1919, p. 541.)

(1925) "The employer shall provide the necessary first aid medical and surgical services, and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the injury," etc. (Laws of 1925, p. 382.)

By these successive amendments it may be seen that the legislature deemed inadequate the original limitation of eight weeks' time and $200 in amount as to medicine and hospital services, as the amendment of 1919 enlarged the hospital services from two weeks to extend "during the

period for which compensation may be payable," and also removed any financial limit, except as to medical or surgical services. The amendment in 1925 went further by removing all time or money limitation upon medical and surgical services, and limited medical, surgical and hospital services to such as might be "reasonably required to cure or relieve from the effects of the injury." In the absence of express statutory authority this court is therefore powerless to place a definite limitation upon the time such medical, surgical and hospital services shall be rendered in any particular case. As we have said before, the proof here shows that medical and hospital services are necessary to relieve Nee from the effects of his injury and that such services cannot be rendered in his home. There is no proof indicating any malingering or feigned sickness in this case, or any other circumstance which would enable us to say that further services are not reasonably necessary to relieve Nee from the effects of his injury.

As the legislature has seen fit to amend paragraph (a) of section 8 and to successively omit the former limitations therein imposed upon the furnishing of medical, surgical and hospital services, it would be nothing short of judicial legislation for this court now, in an exceptional case, to impose such a limitation. The limitations of the section in question cannot be definitely fixed except by the legislature, and the only reasonable interpretation which we are able to place upon it, as said above, is that the employer's liability continues so long as medical, surgical and hospital services are required in order to relieve the injured employee from the effects of his injury.

The judgment of the superior court confirming the order of the Industrial Commission is affirmed.

*Judgment affirmed.*