ADOLPH J. FRANZOI, PETITIONER-RESPONDENT IN CER-TIORARI, v. JACOB RUBINOFF, INCORPORATED, RE-SPONDENT-PROSECUTOR IN CERTIORARI.

Submitted October 5, 1937—Decided November 20, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the petitioner-respondent, *Solve Tuso* (*George H. Slanger,* of counsel).

For the prosecutor, *Samuel D. Lenox.*

PER CURIAM.

The only question in the case is whether the compensation bureau, under the circumstances here presented, had the power to open an award more than thirty days after it had been made so as to include therein an item for doctor bills and hospital expenses incurred because of the injury and which were overlooked when the petitioner's case was before the bureau.

The employe received an award for injuries arising out of and in the course of his employment, and of this no complaint is made. The award was made on December 24th, 1935. On February 20th, 1936, a petition was filed to reopen the case for the purpose of submitting testimony to prove the bills mentioned above. The compensation bureau entertained the application, heard the testimony, concluded that the several items of expense for medical service and hospitalization were proper charges, and included them in the award. On appeal, the Common Pleas affirmed.

We think that the judgment of the bureau and of the Common Pleas, affirming, was erroneous.

The Common Pleas Court considered that the case of *Rose* v. *Wagner Construction Co.,* 2 *N. J. Mis. R.* 118, and *Katz* v. *Zapella,* 10 *Id.* 258; *affirmed,* 110 *N. J. L.* 14, were controlling, but neither case, in our view, is authority for the proposition that the bureau has power to open its judgment where, as here, the time fixed by statute for appeal has expired, except on the ground of newly discovered evidence or fraud.

In the Rose case, this court held, among other things, that the bureau had power to reopen its own judgment, but what period of time was involved does not appear. The main question in the case was whether the language of the statute (section 11, *Pamph. L.* 1918, *p.* 433; *Pamph. L.* 1921, *p.* 733) conferred power on the bureau to reopen its judgment.

In the Katz case, the judgment was opened because of fraud practiced on the bureau, the court holding that there was power in the bureau to control its own judgment, analogous to that possessed by the common law courts, which may be exercised at any time while the case remains under the

court's control, providing the moving party embraces the first opportunity he has of presenting his case. *Assets Development Co.* v. *Wall,* 97 *N. J. L.* 468; *Bell* ads. *Kelly,* 17 *Id.* 270. These cases are not dispositive of the question before us. Their facts are not in harmony with the facts of this case and, in our view, neither case is controlling.

We think, however, that the case of *Breen Iron Works* v. *Richardson,* 115 *N. J. L.* 305; *affirmed,* 117 *Id.* 150, is, in principle, controlling. In that case a settlement of a claim for compensation was entered into, after which the employe died. Subsequently a new petition for compensation was filed because of the death of the employe, which petition was dismissed. No appeal was taken. More than a year later the widow of the employe sought and obtained a reopening of the order of dismissal in the bureau. The Supreme Court reversed and said that the bureau was powerless to recall its judgment except for fraud or newly discovered evidence, and also declared, "the rule that a rehearing should be asked within the time allowed for appeal—a rule well established in this state—is a sound one and carries weight in the present case."

In the case before us, the reason advanced for reopening the judgment is that counsel forgot to prove the expense in question at the time of the hearing. There is no showing that the proof was unavailable and, of course, no suggestion of fraud.

We conclude that the Breen case is dispositive of the issue here and that, in the absence of fraud or newly discovered evidence, the bureau is *functus officio* and powerless to recall or reopen its judgment after the thirty-day period, fixed by the statute for appeal, has gone.

The judgment will be reversed.