New Jersey Department of Labor,
Workmen's Compensation Bureau.

ROCCO FIERRO, PETITIONER, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, RESPONDENT.

Decided September 16, 1940.

For the petitioner, *Charles Becker.*

For the respondent, *William J. Vosseler.*

\*      \*      \*      \*      \*      \*      \*

From the evidence adduced, it appears that the petitioner was regularly employed by the respondent as a carpenter and general handyman in its garage and bus station, at South Fourteenth street, Newark, New Jersey; that he received wages at the rate of $31.68 per week; that on November 19th, 1932, he met with an accident, arising out of and in the course of his employment, consisting of the following: while engaged in repairing a portion of the respondent's garage floor, it became necessary for the petitioner to go to a storeroom in the rear of said garage for a piece of timber to be used in leveling off the fresh cement, and as he was stooping over to pick up a piece which he believed suitable for that purpose, a milk bottle, containing a pungent yellowish liquid, was accidently knocked off from an upper shelf by a fellow workman, the neck of the bottle striking petitioner across the upper back and the contents thereof spilling over his back; that the fellow worker responsible for the mishap, rendered assist-

ance to petitioner by wiping the liquid from his back by means of a rag; that the petitioner experienced a burning sensation over the area of his back where the liquid had spilled; that he notified his foreman of the occurrence; and that upon taking a bath promptly upon his arrival home from work, a reddened and tender area was observed in the upper portion of his back. The evidence further reveals that from then on the condition followed a rapidly retrogressive course; that in spite of diligent application of home remedies, the affected area grew larger in size with an increase in the severity of symptoms, making it necessary for him to cease work on December 2d, 1932; that Dr. Charles Rich, who treated him from December 3d, 1932, to December 16th, 1932, found evidence of cellulitis in the upper back which condition failed to respond to treatment; that thenceforth petitioner was treated by various doctors and was confined at different hospitals over long periods of time without result; and that the condition has now spread throughout his entire body, affecting every inch of skin and requiring confinement at the United States Veterans' Hospital, New York City, where he has been a patient since August 6th, 1934, and where he received constant treatment consisting of ointments and vaseline swabbings over the skin surface of his body from his head to his feet.

While there appears to be no question but that Fierro met with an accident on November 19th, 1932, within the meaning and purview of the Workmen's Compensation act, his right to compensation is challenged by the respondent upon the ground that his condition—a skin lesion involving his entire body—is not the result of the said accident but due to natural causes.

The sole issue, therefore, narrows itself down to a single question of causal relation, namely: Is the petitioner's condition ascribable to the accident or to natural causes independent of the same?

A review of the voluminous medical testimony of the various physicians appearing for the respective parties discloses a definite contrariety of opinion both as to diagnosis as well as to causal relation. The medical experts, appearing on

behalf of the petitioner expressed the opinion that Fierro was suffering from a dermatitis exfoliativa, a skin disorder which resulted from the accident; while those appearing on behalf of the respondent expressed the opinion that he suffered from pemphigus, a disease of the skin of unknown origin and wholly unrelated to the accident. However, all the experts without exception estimated the petitioner's present disability as equivalent to 100 per cent. of total, and that the prognosis was poor.

In a situation such as this where the opinions of the several medical experts of the respective parties are so hopelessly conflicting and irreconcilable, it becomes necessary for me, in order to arrive at a decision, to accept the view which seems to be the more credible, logical and weighty. In my considered judgment, I feel that the greater weight of the medical testimony with respect to causal relation preponderates in favor of the petitioner.

Furthermore, an analysis of the testimony, both lay and medical, leads me to the inescapable conclusion that there is in this case an unbroken chain of events revealing a reasonably accurate history of cause and effect with a complete bridging of symptoms dating from the date of the accident right up to the present time. Before the accident, Fierro, according to his testimony and that of members of his family and of associates, was a steady worker in the best of health without any skin eruptions or blemishes on any part of his body. Following the accident he suffered an irritation of his back consisting of a small reddened and inflamed area, causing a burning sensation; that the condition grew progressively worse until his entire body has been affected with the lesion.

The rule governing the present case is as follows: The criteria of a compensable injury are: First, was the employment of the claimant one of the contributing causes without which the accident would not have happened; and second, was the accident one of the contributing causes without which the injury would not have been sustained. In testing the evidence, probability and not certainty is the touchstone. See *Furferi* v. *Pennsylvania Railroad Co.* 117 *N. J. L.* 508; 189 *Atl. Rep.* 126; also, *Kucynski* v. *Humphrey,* 118 *N. J. L.* 321; 192 *Atl. Rep.* 371.

Tested in the light of this rule, and after carefully considering the evidence of the entire case I find and determine as follows:

\*          \*          \*          \*          \*          \*          \*

That on November 19th, 1932, the petitioner suffered an injury to his back as a result of an accident arising out of and in the course of his employment.

That the respondent, through its foreman, had actual knowledge of the said accident and resulting injury on the very day of the occurrence.

That as a result of the accident, the petitioner suffered an injury to his back consisting of a skin lesion which eventually spread to and involved his entire body, causing a temporary disability from December 3d, 1932, the day on which petitioner was compelled to cease work because of the injury, until August 6th, 1934, the day he entered the United States Veterans' Hospital and at which time the permanent nature of his condition and disability became fixed.

That as a result of the injury and condition which followed, the petitioner suffers a permanent disability equivalent to 100 per cent. of total.

\*          \*          \*          \*          \*          \*          \*

It is, therefore  \*  \*  \*  adjudged, determined and ordered, that judgment final be entered in favor of the petitioner and against the responsent;  \*  \*  \*.

\*          \*          \*          \*          \*          \*          \*

And it is further ordered, that upon the expiration of the 400 week period petitioner shall have the right to make further application for extended compensation payments in accordance with the provisions of *R. S.* 1937, 34:15-12(b). *N. J. S. A.* 34:15-12(b).

JOHN J. STAHL,
*Deputy Commissioner.*