ROCCO FIERRO, PETITIONER, DEFENDANT IN CER-
TIORARI, v. PUBLIC SERVICE CO-ORDINATED TRAN-
SPORT, RESPONDENT, PROSECUTOR IN CERTIORARI.

Argued May 2, 1944—Decided May 25, 1944.

Before Justices CASE, BODINE and PORTER.

For the petitioner, *Charles Becker* (*John A. Laird,* of counsel).

For the respondent, *Henry II. Fryling* (*William F. Vos-seller,* of counsel).

The opinion of the court was delivered by

PORTER, J.   This writ of *certiorari* brings before us for review the judgment of the Essex County Court of Common Pleas in affirming the judgment of the Workmen's Compensation Bureau in favor of the petitioner employee against the respondent employer in a compensation case.

It appears that the petitioner had been employed by the respondent at one of its garages for a number of years; that while at work a fellow worker accidentally knocked from a shelf a milk bottle containing some unknown liquid, which struck petitioner in the back while he was in a stooping position, and that the contents of the bottle spilled on his back. At petitioner's request the said fellow worker wiped the liquid from his back with a rag handed to him by petitioner.   When

the liquid came in contact with petitioner's back, a burning sensation was felt which continued for the balance of the day. When he reached home that evening, he bathed his back and his wife observed a red spot on it. There followed a skin irritation or infection on his back which spread and became worse, interfering with his ability to properly attend to his work, and at the end of two weeks his condition became such that he was obliged to discontinue work. He has been unable since to resume work, being totally and permanently disabled. These facts are not controverted. However, there is a sharp dispute as to the nature of the disability and its cause. Petitioner says that prior to this accident he enjoyed good health, worked steadily and was free from any skin disease. There was no proof to the contrary. From the date of the accident he has been afflicted with a skin condition or disease which has affected his entire body and has now made necessary constant hospitalization. The petitioner claims that his condition was occasioned by the accidental striking of his back by the bottle and by the irritation or infection caused by the contents of the bottle spilling on his back and its removal by a rag immediately afterwards. He also claims that the condition was aggravated by the administration by the doctors of arsenic preparations given him on a mistaken diagnosis of his condition. The respondent contends that petitioner's condition was not caused nor aggravated by the accident nor by any treatment administered by the doctors. It says that his condition is due to a rare skin disease, generally fatal, known as pemphigus and probably caused by a toxic condition. Fifteen physicians testified, many of them specialists in diseases of the skin. Their opinions concerning the nature and cause of petitioner's condition were sharply divided. The question presented turns on this medical testimony.

A careful examination of the proofs leads us to the conclusion that petitioner's injury arose out of and in the course of his employment and that the clear weight of the testimony establishes that his total and permanent disability is due to the injury received in the accident. We so find.

The judgment is affirmed, with costs.