44 N.J. Super. 73 (1957)
129 A.2d 470
ROCCO FIERRO, PETITIONER-APPELLEE,
v.
PUBLIC SERVICE COORDINATED TRANSPORT, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided February 18, 1957.
*74 Mr. Jacques H. Hecht argued the cause for the petitioner-appellee (Mr. Charles Becker, attorney).
Mr. David M. Sellick argued the cause for the respondent-appellant.
WAUGH, J.S.C.
This is an appeal from a judgment rendered by the Deputy Director in the Division of Workmen's Compensation.
*75 The petitioner, Rocco Fierro, met with a compensable accident on November 19, 1932. As a result, he was awarded compensation for temporary disability and subsequently for permanent total disability, his affliction being a skin disease found to be due to said accident. See Fierro v. Public Service Co-Ordinated Transport, 18 N.J. Misc. 597 (W.C.B. 1940), affirmed 131 N.J.L. 552 (Sup. Ct. 1944).
On August 5, 1944 petitioner filed a claim petition, claiming extended compensation under the provisions of R.S. 34:15-12(b) beyond the 400 weeks already allowed and paid for the permanent total disability. After hearing, a supplemental order was entered in the Workmen's Compensation Bureau directing the respondent to pay petitioner 153 4/7 weeks (or the lump sum of $3,071.43) which had accrued since the expiration of the payment for the 400 weeks, and further directing that the respondent continue to pay regular weekly compensation subject to the statutory provisions. The respondent has complied with this order and it continues to send petitioner weekly compensation payments.
On April 2, 1956 the petitioner filed a new claim petition with the Division of Workmen's Compensation for "the purpose of reopening the matter to the end that an order be made * * * directing the respondent to pay the petitioner the sum of $7,507.00 * * *" for monies alleged to have been spent by the petitioner "* * * for medications, special services, replacement of clothes and sleeping necessities * * *," all allegedly required as a result of the permanent disability previously adjudicated.
The petitioner annexed an affidavit to this claim petition, in which he recites the occurrence of the November 19, 1932 accident; his incapacitation, and the fact of the permanent compensation award. In paragraph 3 thereof he states:
"As a result of the said accident, I suffered a skin disorder of the entire body and in order to alleviate the condition it is necessary that I regularly and continually cover myself completely with a coat of vaseline which I purchase in large quantities. The following items are all required and necessary in connection with the permanent skin disease from which I suffer, as a result of said accident."
*76 After the hearing the Deputy Director found and determined that:
"The medications, special services, replacement of clothes and sleeping necessities as set forth in the affidavit annexed to the petition filed for re-opening this matter are all required and made necessary as a result of the total permanent disability suffered by the petitioner while in the employ of the respondent in an accident which occurred on November 19, 1932."
and ordered respondent to pay the cost of medication, special services, replacement of clothes and sleeping necessities, for a period of 15 years to and including July 31, 1956 in the sum of $6,926.50, together with certain counsel and stenographic fees.
The respondent appeals.
Petitioner conceded during oral argument that the petition is properly brought under R.S. 34:15-15 which provides:
"The employer shall furnish to the injured workman such medical, surgical and other treatment, and hospital service as shall be necessary to cure and relieve the workman of the effects of the injury * * *
If the employer shall refuse or neglect to comply with the foregoing provisions of this section, the employee may secure such treatment and services as may be necessary * * * and the employer shall be liable to pay therefor; provided, however, that the employer shall not be liable for any amount expended by the employee * * * unless such employee or any person on his behalf shall have requested the employer to furnish the same and the employer shall have refused or neglected so to do, or unless the nature of the injury required such services, and the employer or his superintendent or foreman, having knowledge of such injury shall have neglected to provide the same, or unless the injury occurred under such conditions as make impossible the notification of the employer, or unless the circumstances are so peculiar as shall justify, in the opinion of the workmen's compensation bureau, the expenditure assumed by the employee for such physicians' treatment and hospital services, apparatus and appliances." (Emphasis supplied)
According to the petitioner-respondent, the practice in the Division is to reopen the case on petition; such practice was followed here. The appellant urges that absent any increased disability, and there can be none here, the *77 petitioner may not reopen. In that regard the case of Franzoi v. Jacob Rubinoff, Inc., 119 N.J.L. 184 (Sup. Ct. 1937), cited by appellant, would seem to be controlling.
But the appellant's further contention, that since petitioner is receiving extension payments pursuant to R.S. 34:15-12(b), he has no remedy under R.S. 34:15-15, is not sound. It was decided that these two sections give independent rights in Van Tuyl v. Federal Shipbuilding and Dry Dock Co., 32 N.J. Super. 406 (App. Div. 1954). Since petitioner is still receiving extension payments, R.S. 34:15-27 permits a petition under R.S. 34:15-15.
I come to the conclusion that respondent is entitled to have relief under section 15, but to a very limited degree presently. The appellant is ordered to pay for vaseline, talcum powder, gauze, and rubber sheets from November 1953, which was the time when petitioner first requested respondent to make these expenditures on his behalf. I further order that respondent continue to supply these items until further order of the Workmen's Compensation Division. While the proof on the cost of the above items to date is scant, I fix the cost of vaseline at $144 per year, talcum at $6 per year, gauze at $6 per year, and rubber sheets at $12 per year. Total award is fixed at $434.
The claims for clothing detergents and the like are disallowed; as are the claims for bed sheets, mattresses and pillow cases. The claim for aspirin is disallowed in the absence of any medical proof that it relieves the respondent.
Authority for such a holding is to be found in Howard v. Harwood's Restaurant Co., 40 N.J. Super. 564, 565 (Cty. Ct. 1956), affirmed per curiam 43 N.J. Super. 301 (App. Div. 1957). In that case Judge Gaulkin ordered an employer to pay for nursing and medical care subsequent to a time permanent disability became fixed. This holding was reached by construing the words of the statute "* * * relieve the workman of the effects of the injury" to be a basis for continued responsibility on the part of the employer for such services as provided by statute in cases where cure is impossible.
*78 Judge Gaulkin said, 40 N.J. Super., at page 573:
"However, before embarking on such construction, it is well to remember the caution sounded by the Illinois Supreme Court when it considered a similar statute in the case of W.J. Newman Co. v. Industrial Commission, 353 Ill. 190, 187 N.E. 137, 138, 88 A.L.R. 1188 (1933). It said:
`* * * caution is required in the construction of the particular statute so as not to extend it or affect its general application to the thousands of other cases not presenting such unusual features.'"
The present case does present unusual features. Here involved is an aging gentleman totally disabled, a pathetic figure, who from time to time has been hospitalized. Fortunately, he has a family willing to give him love and care at home. The items allowed come within the provisions of "other treatment * * * to * * * relieve * * * the effects of the injury" of R.S. 34:15-15. To hold otherwise would be to invite injured workmen in this petitioner's condition to choose between a nursing home at the employer's expense and home care without cost to the employer save for "other treatment." Obviously we should not force petitioner to choose a more costly method of securing relief by denying him the right to gain such relief at his home. This type of home treatment is less costly to the employer than treatment in a nursing home would be.
The recovery is limited to the date of November 1953, because that is the first time respondent had notice of the claim. The record is barren of any special circumstances which would justify an order that the employer repay petitioner for money expended prior to that date. R.S. 34:15-15 requires special circumstances before the employer can be held liable without notice.