Argued January 17, affirmed February 10, reconsideration
(appellant) denied March 12, (respondent, cross-appellant)
denied March 19, petition for review (respondent, cross-
appellant) denied March 27, allowed (appellant) March 27, 1975

CAVINS (No. 406-543), *Appellant, v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent-Cross Appellant.*

531 P2d 746

*Keith E. Tichenor,* Portland, argued the cause for appellant. With him on the brief were Pozzi, Wilson & Atchison, Portland.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent-cross-appellant. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

The circuit court, reversing the Workmen's Compensation Board and the hearing officer, concluded claimant's ankle operation was a compensable consequence of his injury of September 21, 1972, but denied claimant attorney fees and penalties for alleged unreasonable delay in acceptance or denial of the claim. Claimant appeals only from the part of the order denying attorney fees, while, by cross-appeal, SAIF appeals from the circuit court order finding claimant's injury to be compensable.

Claimant, a 47-year-old construction and shipyard worker, first injured the medial aspect (inner side) of his left ankle on March 9, 1970. This injury left lasting residuals, including intermittent discomfort. On September 21, 1972, claimant's left ankle was again injured (in the claim in dispute) when a baseball-sized rock struck claimant on the lateral aspect (outside) of his left ankle. On May 24, 1973, Dr. John W.

Thompson, an orthopedist, performed an arthrotomy (incision into the joint) and excision (cutting out) of an osteochondritis dissecans (separation of a fragment of cartilage and bone from a joint surface) body from the medial aspect (inside) of the left ankle.

■ SAIF accepted responsibility for the injury of September 21, 1972, but treated it only as an injury to the lateral aspect of the ankle since that is where the direct trauma occurred and refused to pay for the operation or its resulting temporary disability. Dr. Thompson testified that in his opinion the injury in September aggravated the pre-existing injury. Also at the hearing it was noted from Dr. Thompson's report that claimant had complained of "pain in the medial side of the ankle from the first time that I saw him," which was December 8, 1972. He testified to the same effect. In addition, a fellow worker testified at the hearing that he heard claimant say at the time of the stone-ankle incident of September 21, 1972, that he (claimant) couldn't figure out why the inside of the ankle hurt so when the rock hit on the outer side of the ankle.[1]

---

[1] This witness was cross-examined vigorously but with questionable success by the attorney for SAIF:

"Q [BY MR. HESS:] Can you rightfully sit there and tell us that you can remember definitely and certainly that you can remember conversation that occurred between you and Mr. Cavins on September 21, 1972, while you were working together?

"A Yes.

"Q That is better than 18 months ago?

"A Yes.

"Q And you recall definitely and certainly what part of the ankle he was complaining about?

"A Yes, sir, because I felt real sorry for him, because I knew he was hurting real bad, and I don't see how he

The hearing officer acknowledged that the testimony of the coworker was supportive of claimant's position, but the hearing officer felt that even with Dr. Thompson's opinion of July 30, 1973, that "the medial injury [of 1970] had been aggravated by the recent injury of September, 1972," the preponderance of the evidence did not support the necessary causal relationship between the operation of May 24, 1973, and the compensable injury of September 21, 1972. We disagree. Considering the medical evidence and independent supportive testimony, we conclude that the preponderance supports causal connection. We agree with the circuit court which determined:

> "* * * [T]he operation of Dr. John W. Thompson of May [24], 1973 consisting of an arthrotomy and excision of an osteochondritis dissecans from the medial aspect of claimant's left ankle was a compensable consequence of the claimant's injury of September 21, 1972 responsibility for which had been accepted by State Accident Insurance Fund.
>
> "* * * * * *"

We thus find the cross-appeal of SAIF to be without merit.

With reference to the denial of claimant's request

---

put in the rest of the day. I really felt sorry for him. I have no reason to lie, sir, this is just the way I heard it, and the way I felt, and the reason for my answering it that way.

"Q  Did you get a little help in remembering what that conversation was, Mr. Cox?

"A  No.

"Q  Either from Mr. Tichenor, or from Mr. Cavins, or Mr. Wilson, or anybody, from the Pozzi, Wilson and Atchison office?

"A  No, sir; no, sir, I didn't.

"MR. HESS: Nothing further."

for attorney fees, the hearing officer in his order denying Cavins' claim reasoned:

"* * * * *

"This is a case where the State Accident Insurance Fund refused to accept responsibility rather than to deny it. It is herein observed, for the record, that the circumstances are such that, had claimant prevailed herein, this claim would have been treated as, at least, a claim of de facto denial. An award of attorney's fee would have been made but no award of penalties. * * *"

The claim for penalties was withdrawn by claimant during the circuit court proceedings. The circuit court apparently disagreed with the hearing officer as to attorney fees as the circuit court judgment provided for attorney fees to be paid from claimant's award.

In his brief, regarding his request for an award of attorney fees against SAIF, claimant relies on ORS 656.262(4)[2] and (5),[3] and 656.382,[4] and on

[2] "The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, except where the board determines that payment in instalments should be made at some other interval. The board may by regulation convert monthly benefit schedules to weekly or other periodic schedules." ORS 656.262(4).

[3] "Written notice of acceptance or denial of the claim shall be furnished to the claimant by the fund or direct responsibility employer within 60 days after the employer has notice or knowledge of the claim. The fund shall also furnish the contributing employer a copy of the notice of acceptance. The notice of acceptance shall:

"(a) Advise the claimant whether the claim is considered disabling or nondisabling.

"(b) Inform the claimant of hearing and aggravation rights concerning nondisabling injuries including the right to object to a decision that his injury is nondisabling by requesting a determination thereon pursuant to ORS 656.268." ORS 656.262(5).

*Wingfield v. National Biscuit Co.,* 8 Or App 408, 494 P2d 905 (1972). These statutes and the *Wingfield* case are not pertinent to the instant situation. ORS 656.262(4) refers to "notice or knowledge of the *claim*" (emphasis supplied), not authorization for medical treatment. ORS 656.262(5) refers to "acceptance or denial of the *claim*" (emphasis supplied), not authorization for medical treatment. Here the only "claim" is contained in Dr. Thompson's letters to the Fund wherein authorization was sought for medical treatment. Medical services are provided for in ORS 656.-245.[5]

---

[4] "(1) If a direct responsibility employer or the State Accident Insurance Fund refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or fund shall pay to the claimant or his attorney a reasonable attorney's fee as provided in subsection (2) of this section. To the extent a contributing employer has caused the fund to be charged such fees, such employer may be charged with those fees.

"(2) If a request for hearing, request for review or court appeal is initiated by an employer or the fund, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or fund shall be required to pay to the claimant or his attorney a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal.

"(3) If upon reaching a decision on a request for hearing initiated by an employer it is found by the referee that the employer initiated the hearing for the purpose of delay or other vexatious reason or without reasonable ground, the referee may order the employer to pay to the claimant such penalty not exceeding $750 and not less than $100 as may be reasonable in the circumstances." ORS 656.382.

[5] "(1) For every compensable injury, the direct responsibility employer or the State Accident Insurance Fund shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury

■ The attorney fee provisions of the Workmen's Compensation Act do not apply to ORS 656.245. *Wait v. Montgomery Ward, Inc.*, 10 Or App 333, 499 P2d 1340, Sup Ct *review denied* (1972).

■ ORS 656.386 provides for the assessment of attorney fees in addition to compensation only in the case of an original claim which is rejected or in the case of a denied claim for aggravation. *See Standley v. SAIF*, 8 Or App 429, 495 P2d 283 (1972). Neither situation is presented by the instant case. We, therefore, being cited to no authority awarding attorney fees in addition to the workmen's compensation benefits in a situation such as is presented here, find ourselves in agreement with the judgment of the circuit court which did not assess attorney fees against the Fund.

Affirmed.

---

or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services." ORS 656.245(1).