Argued April 3, reversed and remanded May 30, 1975

CAVINS, *Petitioner, v.* STATE ACCIDENT
INSURANCE FUND, *Respondent.*
536 P2d 426

*Keith E. Tichenor,* Portland, argued the cause for petitioner. With him on the briefs were Pozzi, Wilson & Atchison, Portland.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

O'CONNELL, C. J.

We granted claimant's[1] petition for review of the Court of Appeals' decision holding that petitioner, who successfully prosecuted an appeal from a decision of the Workmen's Compensation Board, was not entitled to attorney's fees under ORS 656.386.[2]

Claimant suffered a job related injury to the lateral aspect of his ankle in 1972. This injury caused increased pain in the area of an old injury on the opposite side of the same ankle. Ultimately surgery was required to remove a separation of a bone and cartilage fragment from the site of the old injury. SAIF accepted responsibility for the 1972 injury but refused to pay for the operation and its consequent temporary disability on the theory that the necessity for the surgery was not caused by the 1972 accident.

Claimant obtained a hearing after which both the hearing officer and the Workmen's Compensation Board found the surgery to be causally unrelated to the 1972 accident. Claimant appealed this claim for medical services to the circuit court, which found claimant's injury to be compensable but refused to order respondent to pay claimant's attorney fees.

Although claimant's petition for review presents two theories under which an attorney's fee should be awarded, we need consider only one. ORS 656.386 provides:

"(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the circuit court from a board order denying his claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. * * *

---

[1] Respondent's petition for review was denied March 27, 1975.
[2] Cavins v. SAIF, 20 Or App 361, 531 P2d 746 (1975).

"(2) In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.301 and 656.382."

As we have noted, claimant successfully appealed to the circuit court from a board order denying compensation for medical services.

Respondent contends that the statute is inapplicable because (1) the order of the board did not deny an "original claim," and (2) the claim for compensation was initiated by claimant's treating physician rather than by claimant himself. We find neither contention persuasive. The legislature clearly intended that a workman whose claim is erroneously rejected and who is thereby forced to appeal should not be forced to bear the additional expense of employing an attorney to represent him.[9] This is precisely the situation in which claimant was placed by the board's order in the present case. To deny his recovery of attorney's fees on the basis of SAIF's contentions would be to defeat the clear purpose of the statute.

ORS 656.386 does not contain any reference to an "original claim," but requires only a "claim for compensation." A claim for compensation is defined as

"* * * [A] written request for compensation from a subject workman *or* someone on his behalf, *or* any compensable injury of which a subject employer has notice or knowledge." ORS 656.002(6). (Emphasis added.)

It is not disputed that claimant's employer had knowledge of the injury, nor is there any reason to hold that the written claim from claimant's physician was not from "someone on his behalf." In addition, neither the

---

[9] *Peterson* v. *Compensation Department*, 257 Or 369, 477 P2d 216 (1970).

hearing examiner nor the board purported to deny claimant's request for compensation on the ground that he had not made a "claim." They recognized that petitioner was claiming medical services but denied that such services were causally related to his work related injury.[4]

We hold that ORS 656.386 requires that respondent pay petitioner's attorney's fees. We therefore reverse that portion of the decision of the Court of Appeals affirming the circuit court's refusal to award attorney's fees, and remand the case for allowance of a reasonable attorney's fee to claimant's attorney.

Reversed and remanded.

---

[4] Wait v. Montgomery Ward, Inc., 10 Or App 333, 499 P2d 1340, Pet. Rev. denied (1972), relied upon by respondent, states that "[o]ur attention is directed to no provision in ORS 656.245 which authorizes an award of attorney fees for services in collecting medical services allowable thereunder." (10 Or App at 339). The court did not refer to ORS 656.386, which we find controlling. To the extent that *Wait v. Montgomery Ward* could be regarded as impliedly interpreting ORS 656.386 as excluding the recovery of attorney's fees for medical services, it is in error.