Argued and submitted May 11; resubmitted June 3, and reassigned September 6,
decision of the Court of Appeals reversed; order of the Workers' Compensation Board
affirmed and case remanded to the Board for further proceedings September 29,
reconsideration denied November 29, 1994

## In the Matter of the Compensation of
## Trina K. Allen, Claimant.

## SAIF CORPORATION
## and Rose's Restaurant,
*Respondents on Review,*

*v.*

## Trina K. ALLEN,
*Petitioner on Review.*

## (WCB 91-09837; CA A76538; SC S40951)

881 P2d 773

Karen Stolzberg, of Goldberg & Mechanic, Portland, argued the cause and filed the petition and reply brief on behalf of petitioner on review. With her on the petition was Donald M. Hooton, of Schneider, Denorch, Hooton & Galaviz-Stoller, Portland.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents on review. With him on the responses were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Edward J. Harri, of Malagon, Moore, Johnson, Jensen & Correll, Portland, filed a brief on behalf of *amicus curiae* Oregon Workers' Compensation Attorneys.

DURHAM, J.

Graber, J., concurred in part and dissented in part and filed an opinion in which Carson, C. J., and Gillette, J., joined.

## DURHAM, J.

This workers' compensation case presents two issues: (1) When the three-judge panel of the Court of Appeals issued a majority opinion, a concurring opinion, and a dissenting opinion, did that court comply with ORS 2.570(4), which requires the "concurrence of two judges * * * to pronounce judgment"? (2) Does ORS 656.386(1), set out below, allow an award of attorney fees when an employer or insurer denies a claim for medical services, but does not deny expressly the compensability of, or its responsibility for, the claimant's injury or condition? We hold: (1) The Court of Appeals complied with ORS 2.570(4); and (2) ORS 656.386(1) allows an award of attorney fees when an employer or insurer denies a claim for medical services, but does not deny expressly the compensability of, or its responsibility for, the claimant's injury or condition.

Claimant injured her back in 1988 while employed at a restaurant. Her employer's insurer, Safeco, accepted her workers' compensation claim for the injury.

In 1989, claimant went to work for a different restaurant, which was insured by SAIF Corporation (SAIF). Thereafter, claimant experienced back pain and neck pain. She filed an aggravation claim with Safeco and a new injury claim with SAIF.

The insurers agreed that claimant's 1989 injury was compensable but disagreed as to responsibility. In 1990, a workers' compensation referee held that Safeco remained responsible for claimant's lower back condition, but that SAIF was responsible for her upper back and neck condition. That order was not appealed.

Meanwhile, claimant had moved to Rhode Island.[1] She submitted various medical bills to SAIF from providers in Rhode Island. SAIF paid some bills but not others.[2]

Claimant's lawyer wrote a letter to SAIF on March 14, 1991, asking SAIF to pay four unpaid bills that SAIF had

---

[1] By the date of the hearing, claimant was residing in Idaho.

[2] As of March 14, 1991, SAIF had paid a total of $11,448.81 in medical payments on the claim.

received on October 31, 1990.[3] After making adjustments for charges that SAIF contended were excessive under Oregon's workers' compensation medical fee schedule and for charges related to claimant's back condition for which Safeco was responsible, SAIF paid one of the bills on May 1, 1991, and two more on May 3, 1991.[4]

On July 25, 1991, claimant filed a form Request for Hearing and checked the following boxes on the form:

"REQUEST IS MADE FOR A HEARING CONCERNING ONE OR MORE OF THE REASONS CHECKED BELOW:

"* * * * *

"H X MEDICAL SERVICES ORS 656.245

"* * * * *

"Q X OTHER — EXPLAIN AND CITE ORS[.] Failure to pay medical bills; penalties and attorney fees pursuant to ORS 656.262(10), 656.268, 656.382."

Claimant did not check the boxes relating to "DENIAL," "COMPENSABILITY," or "AGGRAVATION."

SAIF filed a form Response to Request for Hearing. In it, SAIF erroneously stated that "[t]he medical bills have been paid on a timely basis." SAIF also checked the box on the form stating that "[t]here is no known basis for an award of penalties/attorney fees." SAIF did not check the box asserting that a denial should be affirmed or any other box relating to entitlement to compensation.

---

[3] The four bills were as follows:

| | |
|---|---|
| East Bay Medical Thermography | $ 860.00 |
| RI-Mass MRI, P.C. | 850.00 |
| Ocean State Diagnostic Lab. | 1,140.00 |
| Toll Gate Chiropractic | 427.19 |

[4] Those payments were as follows:

| | | |
|---|---|---|
| 5/1/91 | Toll Gate Chiropractic | $ 424.09 |
| 5/3/91 | RI-Mass MRI, P.C. | 850.00 |
| 5/3/91 | Ocean State Diagnostic Lab. | 730.03 |

The propriety of the amounts of those payments is not in issue here.

SAIF also paid other medical bills submitted by claimant after March 14, 1991, which are not at issue here.

In fact, one bill remained unpaid at the time SAIF filed its response. With respect to that bill, SAIF contended that thermography was not reimbursable without prior authorization.[5] Nonetheless, after making adjustments for allegedly excessive charges, SAIF paid the fourth and last medical bill on September 23, 1991.[6]

The referee convened a hearing to determine whether claimant was entitled to an attorney fee under ORS 656.386(1), because her attorney was instrumental in obtaining compensation for claimant before the hearing.[7] The referee awarded claimant an attorney fee under the third sentence of ORS 656.386(1), "for her efforts in obtaining payment of medical bills." The referee found: "It is doubtful that the bills would have been paid if it had not been for claimant's attorney's efforts."

SAIF appealed the attorney fee award to the Workers' Compensation Board (Board). The Board affirmed.

SAIF then sought judicial review. The Court of Appeals reversed the award of attorney fees under ORS 656.386(1). *SAIF v. Allen*, 124 Or App 183, 861 P2d 1018 (1993). The court held that "[a] claimant is entitled to attorney fees under ORS 656.386(1) only in an appeal 'from an order or decision denying the claim for compensation.' " 124 Or App at 185 (quoting *Shoulders v. SAIF*, 300 Or 606, 611, 716 P2d 751 (1986)). The court explained that, " 'where the only compensation issue on appeal is the amount of compensation or the extent of disability[,] * * * ORS 656.386(1) is not the applicable attorney fee statute.' " *Id.* at 186 (quoting *Short v. SAIF*, 305 Or 541, 545, 754 P2d 575 (1988)).

Judge De Muniz concurred, because, in his view, "the Supreme Court has indicated that an insurer's failure to

---

[5] OAR 436-10-040(10) and (11) (WCD Administrative Order 1-1990) so provided at the time.

[6] SAIF paid $314.03 to East Bay Medical Thermography. The propriety of the amount of that payment is not in issue here.

[7] Insurer did not argue to this court that convening a hearing to decide entitlement to a fee under the third sentence of ORS 656.386(1) renders that sentence inapplicable. Accordingly, we do not address that question, or the related question of whether the second sentence of ORS 656.386(1), concerning "rejected" cases, authorizes a fee award here.

timely respond to a claim for compensation may not be construed as a *de facto* denial." *Id.* at 187. He also said:

> "[T]he Supreme Court has indicated that '[a]n insurer's failure to respond to a claim [as required by ORS 656.262(6)] is neither acceptance [n]or denial.' *Johnson v. Spectra Physics*, 303 Or 49, 58, 733 P2d 1367 (1987). The issue in that case was whether an insurer's inaction could be construed as *acceptance* of a claim. The conclusion that inaction does not constitute *denial* is therefore *dictum*. I question whether the Supreme Court really intended claimants to languish while insurers failed to obey the law that requires them to accept or deny claims in a timely fashion." *Id.* at 189 (emphasis in original).

He also said:

> "In my view, an insurer's failure to timely accept or deny a claim ought to be considered a denial, and that should entitle the claimant to attorney fees under ORS 656.386(1) * * *." *Id.* at 187.

Judge Rossman dissented. He asserted that ORS 656.386(1) provides for insurer-paid attorney fees whenever the lawyer is instrumental in obtaining compensation. *Id.* at 189-90.

Claimant petitioned for review. We allowed the petition and reverse the decision of the Court of Appeals.

Claimant's first contention is that the majority opinion and the concurring opinion in the Court of Appeals do not, taken together, satisfy ORS 2.570(4). That statute provides, in part:

> "The presence of three judges is necessary to transact business in any department [of the Court of Appeals], except such business as may be transacted in chambers by any judge. The concurrence of two judges is necessary to pronounce judgment."

In interpreting a statute, the court's task is to determine the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). The starting points in that determination are the text and context of the statute; the latter includes related statutes on the same subject. Words of common usage typically should be given their plain, natural, and ordinary meaning. *Ibid.*

The text of ORS 2.570(4) suggests that "concurrence" is required only as to the result reached in a case and not as to the reasoning leading to that result, because it describes the limited purpose for which "concurrence" is required: it is "necessary to pronounce judgment." The term "concurrence" is not defined in the pertinent statutes. "Concurrence" generally means "agreement or union in action"; "agreement in opinion: union in design"; "CONSENT." Webster's Third New International Dictionary 472 (unabridged ed 1993). *See also* Black's Law Dictionary 291 (6th ed 1990) (same). The term "concurrent" is defined, in part, as "marked by accord, agreement, harmony, or similarity in *effect* or tendency." Webster's, *supra*, at 472 (emphasis added). Those ordinary meanings of "concurrence" support the inference stated above.

The context of the provision — another subsection of the same statute relating to operation of the Court of Appeals — also supports that inference. ORS 2.570(6) provides, in part:

> "When the [C]ourt [of Appeals] sits in banc, the *concurrence* of a majority of the judges participating is necessary to pronounce judgment, but if the judges participating are equally divided *in their view as to the judgment to be given*, the judgment appealed from shall be affirmed." (Emphasis added.)

In that sentence, the word "concurrence" and the phrase "view as to the judgment to be given" are used interchangeably. In turn, the "judgment" of the Court of Appeals is the final determination of that court as to the rights and obligations of the parties — that is, the result. *Cf.* ORCP 67 A (as used in the rules of civil procedure, a judgment is "the final determination of the rights of the parties in an action").

■ We conclude that ORS 2.570(4) requires only that two judges of a three-judge panel of the Court of Appeals concur in, that is, agree to, the result. Agreement as to the reasons leading to that result is not required.

■ Here, two judges agreed to the result, that is, concurred in the judgment. That being so, the Court of Appeals complied with ORS 2.570(4).

■ We turn next to the parties' dispute concerning ORS 656.386(1), the statute under which claimant seeks fees in this case. In workers' compensation cases, an award of attorney fees can be made only pursuant to statutory authorization. *Forney v. Western States Plywood*, 297 Or 628, 632, 686 P2d 1027 (1984); *SAIF v. Curry*, 297 Or 504, 510-11, 686 P2d 363 (1984).

ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed. Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

■ Again, in interpreting a statute, the court's task is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries, supra*, 317 Or at 610. The best evidence of the legislature's intent is the text of the statute. *Id.* at 610-11. Also, at the first level of analysis, the court considers the context of the statutory provision at issue, including other provisions of the same statute and other statutes relating to the same subject. *Ibid.* If the intent of the legislature is not clear from the text and context, the court considers the legislative history of the statute. *Id.* at 611-12.

Claimant, the referee, and the Board relied on the third sentence of ORS 656.386(1) — providing for fees when no hearing is held — to support the fee award in this case. The Legislative Assembly added that sentence to the statute in 1991. Or Laws 1991, ch 312, § 1. This court has not previously construed that sentence.[8]

---

[8] We take note of an issue regarding the third sentence of ORS 656.386(1) that is not before us. In their arguments, the parties assume that the third sentence requires a "denial" of a compensation claim by the insurer. Unlike the first two sentences of the statute, the third sentence does not expressly refer to denial or rejection of a claim. In accordance with the arguments framed by the parties, we

We first analyze the text of the relevant statutes. The third sentence of ORS 686.386(1) requires an attorney fee award "[i]f an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held." The parties assume that the right to fees created by that sentence is predicated on the existence of a "claim for compensation," which is a phrase that appears in the statute's first sentence. We agree. The term "claimant" in the third sentence of ORS 656.386(1) indicates that a "claim" is a prerequisite to the recovery of a fee award. ORS 656.005(6) provides:

> " 'Claim' means *a written request for compensation* from a subject worker or someone on the worker's behalf, *or any compensable injury* of which a subject employer has notice or knowledge." (Emphasis added.)

ORS 656.005(8) provides:

> " 'Compensation' includes *all benefits, including medical services*, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter." (Emphasis added.)

The term "claim" is defined in the disjunctive to refer to *either* "a written request for compensation," which includes a request for medical services, ORS 656.005(8), *or* "any compensable injury." The text indicates that the phrase "claim for compensation" refers equally to a written request for medical services and to any compensable injury of which an employer has notice or knowledge.

Insurer makes two arguments in support of its view that the phrase "denying the claim for compensation" in the first sentence refers to denial of a condition or injury, but not to denial of a written request for medical services. First, it claims that the use of the article "the" in the phrase "*the* claim for compensation" is a reference to the sentence's introductory phrase, "[i]n all cases involving accidental injuries." Insurer argues that the article "the" was intended to indicate that *the* claim that the insurer denies must concern the compensability of an injury. Claimant responds that

assume but do not decide that a denial of a claim for compensation is a predicate for an attorney fee award under the third sentence of ORS 656.386(1).

insurer's argument ignores the fact that "cases involving accidental injuries," ORS 656.386(1), commonly involve *both* kinds of claims listed in the definition of "claim" in ORS 656.005(6). We agree with that proposition. She also argues that insurer's argument is not supported by the legislative history behind the insertion of the article "the" in ORS 656.386(1).

Nothing in the text or context of ORS 656.386(1) explains why the article "the" appears in the phrase under consideration. Because the intention of the legislature in using the article "the" in that phrase is not clear, we resort to the legislative history behind that word. *PGE v. Bureau of Labor and Industries, supra,* 317 Or at 611. Prior to 1981, ORS 656.386(1) referred to "his claim for compensation." In 1981, the legislature changed that phrasing to the present form in an effort to employ gender neutral terminology. Or Laws 1981, ch 854, § 25. We find no evidence, and the parties offer none, to suggest that the legislature used the article "the" in this context to exclude from the fee statute any claim that is a "claim for compensation," within the statutory definitions of those terms.

Insurer also argues that other statutes recognize the distinction between a dispute over the compensability of an injury and one over the level of benefits owed on a compensable injury. It cites ORS 656.245(1)(a)[9] and argues that a denial of a claim for medical services may, but need not, include a dispute over the compensability of the injury.

The distinction between a dispute over the compensability of an injury or condition and a dispute over the amount of a claimant's benefits is a familiar one. However, we fail to see how the existence of that distinction supports insurer's argument. The legislature has shown that it can draft statutes to address the denial of particular kinds of claims for compensation when that is its intention. For example, ORS 656.245(2) provides:

---

[9] ORS 656.245(1)(a) provides:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability."

"When the time for submitting a claim under ORS 656.273 has expired, any *claim for medical services* referred to in this section shall be submitted to the insurer or self-insured employer. If the *claim for medical services* is denied, the worker may submit to the board a request for hearing pursuant to ORS 656.283. In the event the worker cannot locate the insurer or self-insured employer, if the worker does not know who the insurer or self-insured employer is, or if the insurer or self-insured employer has ceased to exist, the claim shall be submitted to the director." (Emphasis added.)

The legislature made no similar effort to confine ORS 656.386(1) to claims in which the insurer or employer disputes the compensability of an injury or condition. We assume that the legislature's choice of terminology in the fee statute was purposeful. That assumption is particularly relevant here because, in the fee statute, the legislature used terms that it specially defined in ORS 656.005(6) and (8).

 We are bound to follow the legislature's special definitions of terms used in the Workers' Compensation Law. ORS 656.003 provides:

"Except where the context otherwise requires, the definitions given in this chapter govern its construction."

In *Astleford v. SAIF*, 319 Or 225, 233, 874 P2d 1329 (1994), the court held that ORS 656.003 calls for use of the definitions specified in ORS chapter 656 unless

"the context — including the structure and purpose of the workers' compensation scheme as a whole — demonstrates that the use of that given definition would be inappropriate, because the result of such use would conflict with one or more aspects of that structure or purpose."

Applying the *Astleford* standard, we find nothing in the context of ORS 656.386(1) that requires that we apply definitions of the terms "claim" and "compensation" that are different than those specified by ORS 656.005(6) and (8). Insurer's argument amounts to a request that we judicially nullify one-half of the definition of "claim" in ORS 656.005(6). We cannot do that. Under those definitions, a claim for medical benefits is a "claim for compensation" under ORS 656.386(1).[10]

---

[10] The dissent refuses to adhere to the legislature's definition of "claim," ORS

Insurer argues that claimant's reading of the statute renders ORS 656.386(2) superfluous. That statute provides:

"In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.382."

We disagree. ORS 656.386(2) would still control the payment of attorney fees in cases in which the referee awards additional compensation for permanent partial disability under ORS 656.214 and 656.216. *See* OAR 438-15-040(1). We do not purport to list all potential cases in which ORS 656.386(2) would control payment of fees.[11] We note only that the example that we cite establishes that claimant's reading of ORS 656.386(1) does not render ORS 656.386(2) superfluous.

■ Insurer also argues that this court's cases have limited the phrase "denying the claim for compensation" in ORS 656.386(1) to disputes over the compensability of an injury or condition and have excluded disputes over the amount of benefits. Claimant disagrees and argues that, even under the cases on which insurer relies, this claim qualifies for a fee award under ORS 656.386(1). Because the latter assertion, if correct, would dispose of insurer's argument, we address it first. In doing so, we are mindful that our authoritative interpretations of a statute implicate the rule of *stare decisis* and become a part of the statute as if written into it at the time of enactment. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992). We also are aware that this court has declined to apply the doctrine of *stare decisis* to *dictum* in earlier statutory construction cases. *See Cutright v. Weyerhaeuser Co.*, 299 Or 290, 301, 702 P2d 403 (1985) (court declined to rely on *dictum* that was a "questionable pronouncement" in an earlier case about the meaning of a repealed workers' compensation statute); *Safeway Stores v.*

---

656.005(6), and that misstep undermines its analysis of the text and context of ORS 656.386(1).

[11] The Board has adopted rules to govern payment of attorney fees out of compensation in cases that are subject to ORS 656.386(2). *See* OAR 438-15-045 (extent of temporary disability); OAR 438-15-050 (disputed claim settlement); OAR 438-15-052 (claim disposition agreement); OAR 438-15-055(1) (extent of temporary or permanent disability at the Board level); and OAR 438-15-080 (attorney is instrumental in obtaining increased compensation in an own-motion case).

*State Bd. of Agriculture*, 198 Or 43, 81, 255 P2d 564 (1953) (*dictum* in prior cases construing a statute is "not within the doctrine of *stare decisis*").

 Several cases cited by insurer do not address or decide the issue whether a denied claim for medical services, unaccompanied by a challenge to the compensability of the injury or condition, is a denied claim for compensation under ORS 656.386(1). *Peterson v. Compensation Dept.*, 257 Or 369, 477 P2d 216 (1971), held that the claimant was not entitled to fees, because he had not prevailed over the employer's denial. Instead, he had won only the right to a hearing on his claim. In *Cavins v. SAIF*, 272 Or 162, 536 P2d 426 (1975), the insurer denied a claim for medical services on the ground that it was unrelated to work. The court held that a medical services claim was a "claim for compensation" within the meaning of ORS 656.386(1) and that employer's assertion that the services were unrelated to a work injury was a denial that fell within the ambit of the statute. *Ohlig v. FMC Marine & Rail Equipment*, 291 Or 586, 633 P2d 1279 (1981), followed *Cavins* in holding that a lawyer's request for disability and medical services for a client's back condition was a claim for compensation and that the insurer's contention that the back condition was not caused by an injury at work was a denial of a claim for compensation under ORS 656.386(1).

Insurer cites *Shoulders v. SAIF, supra*, which held that the claimant was not entitled to fees under ORS 656.386(1), because the insurer, not the claimant, initiated review by the Board from an order accepting the claim. The court said that the first sentence of ORS 656.386(1)

"creates three prerequisites for attorney fees:

"1. Claimant must initiate the appeal, because neither an insurer nor an employer would appeal from an order or decision denying the claim for compensation;

"2. The decision must be from an order or decision denying, rather than allowing, the claim for compensation; and

"3. Claimant must finally prevail on the issue of compensation.

"[* * * * *

"[T]he claimant must initiate the appeal and prevail on the *compensability issue*." 300 Or at 611-12 (emphasis added).

Insurer argues that the emphasized phrase means that the "claim for compensation" must concern the compensability of the claimant's condition rather than a claim for benefits. We disagree, because it appears that the emphasized phrase was an attempt to paraphrase the third prerequisite set forth above. None of the listed prerequisites is inconsistent with the Board's fee award here. We conclude that *Shoulders v. SAIF* does not aid insurer.

Insurer draws our attention to the following statement in *Forney v. Western States Plywood, supra*:

"Claimant's only claim was for the amount of compensation due on her aggravation claim. *Where responsibility is not an issue and the only question is the amount of compensation due, ordinarily attorney fees are not authorized under ORS 656.386(1) and can only be recoverable from the award under ORS 656.382(2).*" 297 Or at 632 (emphasis added).[12]

Insurer also relies on this statement in *Short v. SAIF, supra*, 305 Or at 545:

"ORS 656.386(1) provides for attorney fees on review of denied claims. The claimant did not appeal to the board or to the Court of Appeals from a decision denying her claim. Both the referee and the board concluded that claimant's condition was compensable. *Where the only compensation issue on appeal is the amount of compensation or the extent of disability, rather than whether the claimant's condition was caused by an industrial injury, ORS 656.386(1) is not the applicable attorney fee statute* and the ORS 656.388(2) route to the circuit court is not available." (Emphasis added.)[13]

---

[12] In *Forney v. Western States Plywood, supra*, the court held that ORS 656.386(1) was inapplicable, because the Board order from which the claimant had appealed had *awarded* full compensation, not denied it. We are unable to discern any connection between the quoted statement and the court's holding. The statement is unaccompanied by any citation of authority, or any consideration of the statutory definitions of "claim" or "compensation" in ORS 656.005(6) and (8).

[13] The emphasized portion of the last quoted sentence in *Short v. SAIF, supra*, is similar to the statement in *Forney v. Western States Plywood*, discussed above. The clause in question bears no relationship to the court's holding in *Short v. SAIF*, that ORS 656.386(1) was inapplicable, because the Board had granted, not denied, the claim. The court did not analyze the statutory definition of "claim," ORS 656.005(6), or any words in ORS 656.386(1). As authority for the statement, the court listed

After analyzing the statements in *Forney* and *Short*, on which insurer relies, we conclude that, notwithstanding our concerns about whether they are correct, they are inapplicable here. They purport to apply "[w]here the only compensation issue on appeal is the amount of compensation or the extent of disability, rather than whether the claimant's condition was caused by an industrial injury." *Short v. SAIF, supra*, 305 Or at 545. As discussed below, we conclude that insurer's conduct was a claim denial and that the denial did not confine the issue to the amount of compensation or extent of disability. As a result, the cases on which insurer relies do not render ORS 656.386(1) inapplicable to this claim.

We turn to the Board's conclusion that, on this record, insurer's response to the claim was a denial. Insurer argues that whether it accepted or denied a claim is a question of fact and that its conduct here is not a denial, *de facto* or otherwise.

ORS 656.262(6) provides, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer has notice or knowledge of the claim."

The Board has adopted OAR 436-60-140(3), which restates the substance of the first sentence of ORS 656.262(6). The rule provides:

"The insurer shall give the claimant written notice of acceptance or denial of a claim within ninety (90) days of the employer's notice or knowledge of a claim."

Insurer did not give the notice required by the statute and rule. Instead, it paid some bills, but not others. When claimant requested a hearing on the unpaid bills, insurer

---

three decisions of this court, *Shoulders* and a "*cf.*" citation to *Ohlig* and *Cavins*. As discussed above, none of those decisions is authority for the statement. The court also cited three decisions of the Court of Appeals, none of which was reviewed by this court. Finally, the court cited the legislature's *rejection* of a bill in 1983 that would have authorized a fee award if a claimant obtained an increase in the extent of permanent disability. *Short v. SAIF, supra*, 305 Or at 547 n 4. The legislature's rejection of a proposed statutory amendment sheds no light on the legislative intention behind the original enactment. The statement, if taken in the sense advocated by insurer, would result in the excision of one-half of the definition of "claim," ORS 656.005(6) in the context of ORS 656.386(1). The court cited no authority to support that result.

responded in writing that the "medical bills have been paid on a timely basis." That statement was not correct. The Board concluded that insurer had denied the claim:

> "SAIF contends, on review, that this case involves untimely processing, rather than a denial or a 'de facto' denial of medical services. However, we find that at least one of claimant's medical services claims was in 'de facto' denied status at the time claimant requested a hearing, as SAIF had not accepted or denied the claim within 90 days of notice or knowledge of the claim. ORS 656.262(6). Moreover, SAIF had previously paid several of claimant's medical services bills but we find no indication in the record that SAIF intended to pay claimant's last bill. Rather, SAIF's August 30, 1991 response to claimant's request for hearing stated that claimant's 'medical bills have been paid on a timely basis.' "

 The Board's determination that insurer's response to the claim is a denial within the meaning of ORS 656.262(6) is a conclusion of law, not a finding of fact. Accordingly, we review the Board's conclusion for error of law.[14]

---

[14] ORS 183.482(7) and (8) provide:

"(7) Review of a contested case shall be confined to the record, the court shall not substitute its judgment for that of the agency as to any issue of fact or agency discretion. In the case of disputed allegations of irregularities in procedure before the agency not shown in the record which, if proved, would warrant reversal or remand, the Court of Appeals may refer the allegations to a Master appointed by the court to take evidence and make findings of fact upon them. The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.

"(8)(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

No statute or rule cited by the parties or discovered by us defines "denial" for purposes of ORS 656.262(6). In reviewing the Board's construction and application of the term "denial," we follow the methodology described in *Springfield Education Assn. v. School Dist.*, 290 Or 217, 233, 621 P2d 547 (1980). *See England v. Thunderbird*, 315 Or 633, 638, 848 P2d 100 (1993) (applying *Springfield* analysis to statutory term "earning capacity"); *Tee v. Albertson's, Inc.*, 314 Or 633, 637, 842 P2d 374 (1992) (applying *Springfield* analysis to statutory term "gainful occupation").

In *Springfield*, this court recognized three categories of statutory terms: exact terms, inexact terms, and delegative terms.[15] The term "denial" in ORS 656.262(6) is an inexact term, which means that "the legislature has expressed its meaning completely, but that meaning remains to be spelled out in the agency's rule or order." *England v. Thunderbird, supra,* 315 Or at 638. *England v. Thunderbird, supra,* also states:

"An inexact term gives the agency interpretive but not legislative responsibility. *See Springfield Education Assn. v. School Dist., supra*, 290 Or at 233 (so holding for terms 'employment relations' and 'conditions of employment'). With respect to an inexact term, the role of the court is to determine whether the agency 'erroneously interpreted a provision of law,' ORS 183.482(8)(a), and the ultimate interpretive responsibility lies with the court in its role as the arbiter of questions of law. *Springfield Education Assn. v. School Dist., supra*, 290 Or at 234." *Id.*

In addressing whether the Board erroneously interpreted ORS 656.262(6), the dispositive question of law on review, under ORS 183.482(8)(a), is

"whether the agency action is within the legislative policy which inheres in the statutory term. An agency interpretation may be given an appropriate degree of assumptive

---

[15] *Springfield* describes the three classes of statutory terms as follows:

"1.) Terms of precise meaning, whether of common or technical parlance, requiring only factfinding by the agency and judicial review for substantial evidence;

"2.) Inexact terms which require agency interpretation and judicial review for consistency with legislative policy; and

"3.) Terms of delegation which require legislative policy determination by the agency and judicial review of whether that policy is within the delegation." 290 Or at 223.

validity if the agency was involved in the legislative process or if we infer that it has expertise based upon qualifications of its personnel or because of its experience in the application of the statute to varying facts. Judicial deference, however, is not automatic or unreasoning. If a statute must be interpreted to determine its applicability to the facts of a contested case, then, it is necessary for the agency to express in its order, to the degree appropriate to the magnitude or complexity of the contested case, its reasoning demonstrating the tendency of the order to advance the policy embodied in the words of the statute. Explicit reasoning will enable the court on judicial review to give an appropriate degree of credence to the agency interpretation." *Springfield Education Assn. v. School Dist., supra*, 290 Or at 227-28.

We must interpret ORS 656.262(6) in order to decide whether the Board's action "coincides with the legislative policy which inheres in the meaning of the statute." *Id.* at 228.

In construing the statute, the legislature's words are the best evidence of its intention. Ordinarily, we give words of common usage their plain, natural, and ordinary meaning. *PGE v. Bureau of Labor and Industries, supra*, 317 Or at 611. The dictionary defines the word "denial" as follows:

"1. refusal to grant, assent to, or sanction: rejection of something requested, claimed, or felt to be due * * * 2a. refusal to admit the truth of a statement, charge, or imputation * * *." Webster's Third New International Dictionary 602 (unabridged 1993).

We also consider, at the first level of analysis, the context of the statutory provision at issue, including other provisions of the same statute. ORS 656.262(1), (2), (8), (9), and (10)(a) provide:

"(1) Processing of claims and providing compensation for a worker shall be the responsibility of the insurer or self-insured employer. All employers shall assist their insurers in processing claims as required in this chapter.

"(2) The compensation due under this chapter shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, except where the right to compensation is denied by the insurer or self-insured employer.

"* * * * *

"(8) If an insurer or any other duly authorized agent of the employer for such purpose, on record with the Director of the Department of Consumer and Business Services denies a claim for compensation, written notice of such denial, stating the reason for the denial, and informing the worker of the Expedited Claim Service and of hearing rights under ORS 656.283, shall be given to the claimant. A copy of the notice of denial shall be mailed to the director and to the employer by the insurer. The worker may request a hearing pursuant to ORS 656.319.[16]

"(9) Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability, nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof.

"(10)(a) If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due. Notwithstanding any other provision of this chapter, the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount described in this subsection. The entire additional amount shall be paid to the worker if the worker is not represented by an attorney. If the worker is represented by an attorney, the worker shall be paid one-half the additional amount and the worker's attorney shall receive one-half the additional amount, in lieu of an attorney fee. The director's action and review thereof shall be subject to ORS 183.310 to 183.550 and such other procedural rules as the director may prescribe."

In the text of ORS 656.262(6), the legislature has afforded two options to an insurer who receives notice or knowledge of a claim for compensation. The insurer may accept or deny the claim. The text does not provide the insurer with the option to take no position on acceptance or

---

[16] To implement ORS 656.262(8), the Board has adopted OAR 436-60-140(6), which provides:

"The notice of denial shall comply with the rules of Practice and Procedure for Contested Cases under the Workers' Compensation Law and shall:

"(a) Specify the factual and legal reasons for the denial; and

"(b) Inform the worker of the Expedited Claim Service and of the worker's right to a hearing under ORS 656.283."

denial of the claim. The text supports the Board's conclusion that insurer's conduct was a denial.

The context of ORS 656.262(6) also supports the Board's result. ORS 656.262(1) makes the insurer or self-insured employer responsible for "[p]rocessing of claims and providing compensation for a worker." ORS 656.262(2) obligates the insurer or employer to pay compensation due under the law "to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, *except where the right to compensation is denied by the insurer or self-insured employer.*" (Emphasis added.) ORS 656.262(6) promotes certainty and promptness[17] in the execution of those responsibilities by requiring the insurer to provide

> "[w]ritten notice of acceptance or denial of the claim * * * within 90 days after the employer has notice or knowledge of the claim."

ORS 656.262(8) requires the insurer to include in the written notice the reason for the denial and information about the claimant's hearing rights under ORS 656.283.[18] The insurer

---

[17] ORS 656.012(2) provides, in part:

"In consequence of these findings, the objectives of the Workers' Compensation Law are declared to be as follows:

"(a) To provide, regardless of fault, sure, prompt and complete medical treatment for injured workers and fair, adequate and reasonable income benefits to injured workers and their dependents;

"(b) To provide a fair and just administrative system for delivery of medical and financial benefits to injured workers that reduces litigation and eliminates the adversary nature of the compensation proceedings, to the greatest extent practicable;

"(c) To restore the injured worker physically and economically to a self-sufficient status in an expeditious manner and to the greatest extent practicable[.]"

[18] ORS 656.283 provides, as material:

"(1) Subject to subsection (2) of this section and ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim.

"(2) If a worker is dissatisfied with an action of the insurer or self-insured employer regarding vocational assistance, the worker must first apply to the director for administrative review of the matter before requesting a hearing on that matter. Such application must be made not later than the 60th day after the date the worker was notified of the action. The director shall complete the review within a reasonable time, unless the worker's dissatisfaction is otherwise resolved. The decision of the director may be modified only if it:

"(a) Violates a statute or rule;

must give the notice of denial to the claimant and mail copies to the employer and the Director of the Department of Consumer and Business Services.

The notice of a denial is a key procedural component of the claim adjudication system. ORS 656.262(8) entitles a claimant who receives notice of a denial to request a hearing under ORS 656.283. The claimant or the director must request a hearing within the time limits specified in ORS 656.319.[19] Because the notice of denial includes the insurer's reasons for the denial, it enables the claimant, the Board, and the director to determine the scope of any disputed issues and the proper forum for resolution of those issues. For example, an insurer's assertion that the underlying injury or condition is not related to work would ordinarily lead to a hearing under ORS 656.283(1). A denial of vocational assistance requires the dissatisfied claimant to apply to the director for administrative review

---

"(b) Exceeds the statutory authority of the agency;

"(c) Was made upon unlawful procedure; or

"(d) Was characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"(3) A request for hearing may be made by any writing, signed by or on behalf of the party and including the address of the party, requesting the hearing, stating that a hearing is desired, and mailed to the board.

"(4) The board shall refer the request for hearing to a referee for determination as expeditiously as possible. The hearing shall be scheduled for a date not more than 90 days after receipt by the board of the request for hearing. The hearing shall not be postponed except in extraordinary circumstances beyond the control of the requesting party."

[19] ORS 656.319 provides, as material:

"(1) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial.

"(2) Notwithstanding subsection (1) of this section, a hearing shall be granted even if a request therefor is filed after the time specified in subsection (1) of this section if the claimant can show lack of mental competency to file the request within that time. The period for filing under this subsection shall not be extended more than five years by lack of mental competency, nor shall it extend in any case longer than one year after the claimant regains mental competency."

under ORS 656.283(2).[20] A denial that raises an issue of responsibility covered by ORS 656.307(1)[21] requires the director to designate who shall pay the claim. In these examples, and probably others, compliance by insurers with the statutory duty to provide timely written notice of a denial furnishes important information to affected parties, the Board, and director that permits them to guide the dispute to the proper decision-making body within the compensation system, narrows the issues on which the parties must prepare for litigation, and expedites disposition of claims through hearing or settlement. The legislature underscored the importance of compliance by making an insurer liable to the worker for an additional amount of money if the insurer "unreasonably delays acceptance or denial of a claim." ORS 656.262(10)(a).

Insurer's argument, that it merely was late in paying bills, disregards its statutory obligation to furnish written notice of acceptance or denial of a claim within 90 days. ORS 656.262(6). That argument also ignores the importance to the claim adjudication process of an insurer's compliance with that obligation. Without question, the Board has significant experience in applying procedural statutes, such as ORS 656.262(6), to claim proceedings before it, and knows the deleterious effects that can result to the administrative scheme when an insurer disregards its duty to timely accept or deny a claim.

With those considerations in mind, we turn to the Board's conclusion that insurer denied this claim. The Board

---

[20] The text of ORS 656.283(2) is set forth at note 18, *supra*.

[21] ORS 656.307(1) provides:

"Where there is an issue regarding:

"(a) Which of several subject employers is the true employer of a claimant worker;

"(b) Which of more than one insurer of a certain employer is responsible for payment of compensation to a worker;

"(c) Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries; or

"(d) Joint employment by two or more employers,

"the director shall, by order, designate who shall pay the claim, if the employers and insurers admit that the claim is otherwise compensable. Payments shall begin in any event as provided in ORS 656.262(4)."

applied the term "de facto denial" to insurer's failure to accept or deny the claim within 90 days, as required by ORS 656.262(6). The Board's application of the statute coincides with the legislative policy, embodied in the statute, to compel insurers to timely declare whether they accept or deny claims. The Board's construction of the statute tends to advance the legislature's generally expressed policies promoting the prompt delivery of medical benefits and compensation to injured workers, and a fair and just administrative system that reduces litigation and eliminates the adversary nature of compensation proceedings to the greatest extent practicable. ORS 656.012(2)(a)-(c).

The Board also drew attention to insurer's response to the request for a hearing, in which insurer said that claimant's "medical bills have been paid on a timely basis." The Board was entitled to construe that statement as a denial because, in context, it asserted that claimant was not entitled to anything on his claim for unpaid medical bills.

Insurer relies on *Johnson v. Spectra Physics, supra,* but that case does not aid insurer. The issue in *Johnson* was whether an insurer's notice or knowledge of a condition, coupled with the passage of 60 days, ORS 656.262(6), could serve as an acceptance of the condition under the rule in *Bauman v. SAIF,* 295 Or 788, 790, 670 P2d 1027 (1983). This court held that it could not, because

> "an insurer's silence regarding one aspect of a claim is neither acceptance nor denial of that aspect of the claim. Silence is neutral. One could argue that if an insurer's silence regarding a condition implies anything, it would imply denial, not acceptance." *Johnson v. Spectra Physics, supra,* 303 Or at 55.

That passage is inapplicable here. *Johnson* concerned the requirements for an acceptance to trigger the application of the *Bauman* backup denial rule. It did not concern the requirements for a denial of a claim for compensation, as in this case. For that reason, the statement in *Johnson* about whether an insurer's silence can constitute a denial is *dictum.* We do note that the Board's result here carries the import of this court's last sentence in *Johnson,* quoted above, to its logical conclusion. Furthermore, unlike in *Johnson,* the issue

here did not concern only the effect of insurer's silence in response to a claim.

The Board's conclusion that insurer denied the claim is supported by the text and context of ORS 656.262(6) and is consistent with the legislative policy exemplified by that statute, the other statutes cited above that concern claim adjudication, and the legislature's generally expressed objectives for the Workers' Compensation Law. Because the Board's action is within the legislative policy behind ORS 656.262(6), the Board did not err.[22] *Springfield Education Assn. v. School Dist., supra,* 290 Or at 227.

The parties dispute the effect of insurer's denial for purposes of ORS 656.386(1). Insurer argues that it never asserted that it was refusing to pay the medical bills *because* of a decision not to pay them or *because* it intended to challenge the *compensability* of claimant's injury. Claimant responds that insurer failed to timely accept or deny the claim, as required by law, and failed to make clear that it was not going to contest the compensability of claimant's injury. She argues that insurer's conduct left it free to contest all aspects of the claim, including the compensability of the injury for which she sought medical services. Insurer acknowledges that a benefit claim is an opportunity for an insurer to deny the injury or condition for which the claimant seeks benefits but argues that, unless the insurer refuses payment on the basis that the condition is not compensable, there is no denial within the meaning of ORS 656.386(1).

We addressed a similar argument from an insurer in the *Ohlig* case and rejected it. In *Ohlig,* the insurer accepted an ankle injury in 1975. Two years later, the claimant's lawyer submitted a request for surgery for a back condition, asserting that it was connected to the 1975 injury. 291 Or at 588-89. A Board administrative rule, OAR 436-83-125, provided, in part:

---

[22] We do not hold, as the dissent asserts, that insurer "revoked" its prior acceptance of the injury under ORS 656.262(6). 320 Or at 230-31 (Graber, J., concurring and dissenting). The dissent's argument results from its flawed premise that the legislature did not intend to apply its definition of "claim," ORS 656.005(6), in ORS 656.262(6). Nothing in the Board's order or this opinion suggests that the procedures in ORS 656.262(6) regarding revocation of acceptance and issuance of a formal denial are involved in this case.

"Every notice of partial denial shall set forth with particularity the injury or condition for which responsibility is denied and the factual and legal reasons therefor. The notice shall be in the form provided for in [OAR 436-]83-120. Hearing and appeal rights and procedures shall be as provided for claim denials in ORS 656.262(6) and (7), 656.319 and these Rules."

In violation of the rule, the insurer gave no notice of a denial of the back condition and the factual and legal reasons therefor. When the claimant prevailed on the back claim and sought attorney fees under ORS 656.386(1), the insurer asserted that the statute was inapplicable, because it had never denied the back condition in writing and had accepted the ankle condition in writing. This court rejected that argument, and the court's analysis of the effect of the insurer's failure to make clear its reason for denying the back condition is relevant here. This court said:

> "The statutes to which reference is made in the [administrative] rule concern the denial of claims and the procedure for a claimant to contest a denial. The reference to OAR 436-83-120 refers to the Board rule which fleshes out statutory duties of employers who would deny claims.
>
> "The employer here failed to follow the administrative rule despite the fact the worker's lawyer filed a claim for the back condition and the employer refused to accept responsibility for that condition. * * * *Certainly the employer should be in no better position for failure to give the written notice of denial required by the rule than would have been the case had there been compliance.*" *Ohlig v. FMC Marine & Rail Equipment, supra,* 291 Or at 597 (emphasis added).

Following that reasoning, we decline to allow insurer to take advantage of its unlawful failure to timely accept or deny the claim. Unless an insurer makes clear that its denial does not dispute the compensability of the injury or condition, the claimant remains subject to a statutory burden to prove that the injury is compensable. ORS 656.266. Late payment of the medical bills did not operate to accept the claim or admit liability. ORS 656.262(9). In the light of the policy underlying ORS 656.262(6), permitting insurer to profit from its ambivalence concerning the *basis* for its refusal to pay the claim would, in the words of this court in *Ohlig,*

"elevate form over substance and involve the worker's compensation system in semantic gymnastics." *Id.* at 595.

Because compensability was not conceded by insurer's denial here, it remained a contested issue. It follows from the foregoing that insurer's denial did not confine the issue on the claim to the amount of compensation or the extent of disability, rather than the compensability of claimant's injury or condition, within the meaning of the statements quoted above in *Forney v. Western States Plywood* and *SAIF v. Short*. Insurer does not argue that the Board erred in concluding that claimant's counsel was instrumental in obtaining compensation, within the meaning of ORS 656.386(1). We conclude that the lawyer was instrumental in obtaining compensation and overcame a denied claim for compensation, within the meaning of ORS 656.386(1), in doing so.

Finally, insurer contends that the Board erred in awarding a fee under ORS 656.386(1), because insurer's conduct amounts to unreasonable delay in paying compensation, for which claimant's lawyer can receive only one-half of a penalty under ORS 656.262(10), in lieu of an attorney fee. ORS 656.262(10) provides:

"(a) If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due. Notwithstanding any other provision of this chapter, the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount described in this subsection. The entire additional amount shall be paid to the worker if the worker is not represented by an attorney. If the worker is represented by an attorney, the worker shall be paid one-half the additional amount and the worker's attorney shall receive one-half the additional amount, in lieu of an attorney fee. The director's action and review thereof shall be subject to ORS 183.310 to 183.550 and such other procedural rules as the director may prescribe.

"(b) When the director does not have exclusive jurisdiction over proceedings regarding the assessment and payment of the additional amount described in this subsection, the provision for attorney fees provided in this subsection shall apply in the other proceeding."

The text of ORS 656.262(10) and 656.386(1) indicates that those statutes address distinct subjects. ORS 656.386(1) requires a reasonable attorney fee award when a claimant prevails over a denial of a claim for compensation, either on judicial or administrative review, or if the lawyer is instrumental in obtaining compensation prior to a hearing. ORS 656.262(10) makes an insurer or self-insured employer liable for a penalty if those parties unreasonably delay or unreasonably refuse to pay compensation, or unreasonably delay acceptance or denial of a claim. If a represented worker seeks a penalty for one of those unreasonable acts, the lawyer receives one-half of the additional penalty "in lieu of an attorney fee." ORS 656.262(10)(a).

The Board awarded a reasonable attorney fee under ORS 656.386(1), because claimant's lawyer was instrumental in obtaining compensation prior to a hearing. Claimant did not seek that fee as a sanction for an unreasonable delay in paying compensation, or an unreasonable delay in acceptance or denial of his claim. It appears, under our examination of the text of the two statutes, that the claim for reasonable attorney fees is unrelated to the phrase "in lieu of an attorney fee" in ORS 656.262(10)(a). Although that reading appears to be the most reasonable construction of the statutes, the legislative intention is not clear. Accordingly, we proceed to an examination of the legislative history behind the two statutes.

The legislature added the third sentence to ORS 656.386(1) in 1991 to permit recovery of a fee where the insurer denies the claim, but agrees to pay compensation prior to hearing. The legislature intended the amendment to reverse the holding of *Jones v. OSCI*, 107 Or App 78, 810 P2d 1318, *mod* 108 Or App 230, 814 P2d 558 (1991), which ruled that under the former version of ORS 656.386(1), the claimant does not prevail *in* the hearing if the insurer agrees to pay compensation, even on the eve of the hearing. Or Laws 1991, ch 312, § 1; *see* Tape Recording, Senate Committee on Labor (SB 540), March 20, 1991, (testimony of Chris Moore) Tape 40, Side A; Tape Recording, Senate Floor Debate, March 27, 1991, (statement of Senator Grattan Kerans) Tape 50, Side A; Tape Recording, House Committee on Labor, May 29, 1991, (remarks of Representative Kevin Mannix) Tape 154, Side B.

Nothing in the legislative history behind the 1991 amendment to ORS 656.386(1) suggests that it was linked to the subject of sanctions under ORS 656.262(10)(a) for unreasonable insurer conduct.

The legislature added the words "in lieu of an attorney fee" to ORS 656.262(10)(a) in 1990. Or Laws 1990 (Spec Sess), ch 2, § 15. Prior to the amendment, two statutes addressed the problem of an insurer's refusal or resistance to payment of compensation. At that time, ORS 656.382(1) provided:

> "If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney for the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

The other statute was ORS 656.262(10).[23]

As a result of those two statutes, claimants were entitled to both an attorney fee award under ORS 656.382(1) and a sanction under ORS 656.262(10) for similar unreasonable conduct by an insurer. To remedy the seeming overlap of those statutes, the legislature adopted the "in lieu of an attorney fee" wording in ORS 656.262(10)(a) at the recommendation of a task force assembled by the Governor. The following is the only pertinent legislative history for the amendment to ORS 656.262(10)(a) that we have discovered. Annette Talbott, legal counsel to the Joint Interim Special Committee on Workers' Compensation, explained the purpose of the amendment to a joint session of the legislature, as follows:

> "This was an issue the Governor's group wanted to clarify, that in cases where there is a penalty, as described in subsection 10, for unreasonable delay or an unreasonable

---

[23] Before the 1990 amendment, ORS 656.262(10) provided:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

refusal to pay compensation, that the penalty that's spelled out in subsection 10 is the sole—and particularly in regard to the attorney fee—attorney fee which is one half of the additional amount is the sole attorney fee that will be awarded on this type of penalty, even if this issue is combined with other issues at the referee or the Board level." 1990 Joint Special Session, Committee on Workers' Compensation (SB 1197), May 4, 1990, (statement of Annette Talbott) Tape 20, Side B at 40.

After Ms. Talbott spoke, Representative Kevin Mannix made this statement:

"It says that if the worker wants to write a letter to the director to get a penalty, he can get it. If his attorney does it for him, the attorney gets half of the penalty instead of some add on fee. If the attorney throws in the penalty issue along with a bunch of other issues in a request for hearing, that that penalty issue doesn't lead to a separate attorney fee, but that half the penalty is the fee. And that's a policy question. You just answer it the way you think you ought to. And we all have our war stories. But I've seen the piggyback penalty and fee issue where the attorney fee, and, literally, in one of my cases, was $250 and the penalty was $7 to the worker. No other relief to the worker. I had another one that came down last week where the attorney fee was $300 and the penalty was $10.25. And I think that's ridiculous. That's my policy issue." 1990 Joint Special Session, Committee on Workers' Compensation (SB 1197), May 4, 1990, (remarks of Representative Kevin Mannix) Tape 20, Side B at 99.

The most plausible construction of those statements is that the amendment of ORS 656.262(10) was designed to authorize the Board to award a penalty for unreasonable insurer conduct and to prevent the Board from awarding a separate attorney fee for the same unreasonable conduct. The history of the amendment does not indicate that the amendment was intended to nullify Board authority to award attorney fees under statutes that do not address penalties for unreasonable conduct. For example, ORS 656.386(1) requires a fee award if the claimant prevails or obtains benefits on a claim for compensation. It has nothing to do with penalizing unreasonable insurer conduct. We think that such a significant change in the attorney fee scheme would be accompanied by legislative history demonstrating such an

intention. However, the testimony regarding the amendment to ORS 656.262(10)(a) does not discuss ORS 656.386(1).

We conclude that the 1990 amendment to ORS 656.262(10) was not intended to prevent the Board from awarding a reasonable attorney fee under ORS 656.386(1). The 1991 amendment to the latter statute authorizes the Board to award a fee if the lawyer is instrumental in obtaining compensation prior to a hearing. A fee award under ORS 656.386(1) is not subject to the "in lieu of an attorney fee" limitation in ORS 656.262(10)(a).

To summarize, the claim for medical services was a "claim for compensation" within the meaning of ORS 656.386(1) and the definitions in ORS 656.005(6) and (8). The Board's conclusion that insurer denied the claim is not erroneous. The denial did not concede that the underlying injury was compensable and, for that reason, the amount of compensation was not the sole issue raised by the denial. Finally, the Board's authority to award a fee under ORS 656.386(1) is not affected by ORS 656.262(10)(a). The Board's order awarding an attorney fee under ORS 656.386(1) was correct. If the Board order effects an inequitable result for insurers who fail to timely pay requests for medical services, that inequity must be corrected by the legislature, not by this court. *Stovall v. Sally Salmon Seafood*, 306 Or 25, 39, 757 P2d 410 (1988); *Forney v. Western States Plywood, supra*, 297 Or at 634.

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is affirmed, and the case is remanded to the Board for further proceedings.

**GRABER, J.,** concurring in part and dissenting in part.

I concur fully in the majority's resolution of the first issue presented in this workers' compensation case. The Court of Appeals complied with ORS 2.570(4), which requires the "concurrence of two judges * * * to pronounce judgment."

I dissent, however, from the majority's abandonment of established principles of statutory construction in its resolution of the second issue. In my view, ORS 656.386(1) does not allow an award of attorney fees when an employer or

insurer pays medical bills late but does not deny the compensability of, or its responsibility for, the claimant's injury or condition.

The starting point is the principle that, in workers' compensation cases, an award of attorney fees can be made only pursuant to statutory authorization. *Forney v. Western States Plywood*, 297 Or 628, 632, 686 P2d 1027 (1984); *SAIF v. Curry*, 297 Or 504, 511, 686 P2d 363 (1984). As this court explained in *Forney*, 297 Or at 632, in holding that no attorney fees could be awarded under the terms of the workers' compensation statute involved:

> "It is fundamental that the legislature provides rights and remedies for workers and employers. This court cannot exceed the legislative limitations *even though an inequity to the employe* or to the employer *might result*. Unless a specific statute authorizes an award of attorney fees to a claimant, this court cannot award them." (Emphasis added.)

Similarly, in *Curry*, 297 Or at 510-11, this court

> "recognize[d] that this result [no fees in the situation presented] is harsh for claimant's attorney in this case. * * * In this instance his work will go uncompensated; however, our ability to award attorney fees in workers' compensation cases is limited to the authority granted by statute. In this case we have no authority and must refuse to make an award."

In the absence of clear legislative authorization, then, no fees are available.

The statute under which claimant seeks fees in this case is ORS 656.386(1), which provides:

> "In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a

reasonable attorney fee shall be allowed. Attorney fees provided for in this section shall be paid by the insurer or self-insured employer.''

Claimant relies specifically on the third sentence of ORS 656.386(1) — providing for fees when no hearing is held — to support the fee award in this case. The Legislative Assembly added that sentence to the statute in 1991. Or Laws 1991, ch 312, § 1.

In interpreting a statute, the court seeks to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). At the first level of analysis, the court considers the text and the context of the statutory provision at issue, including other provisions of the same statute and other statutes relating to the same subject. *Id.* at 610-11. If the intent of the legislature is not clear from that inquiry, the court considers the legislative history of the statute. *Id.* at 611-12. Additionally, when this court has construed a statute, that construction is part of the statute as if written therein. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992).

On appeal and on review, the parties do not dispute that a "decision denying the claim for compensation" is a prerequisite to a claimant's obtaining a fee under the third sentence of ORS 656.386(1). Their arguments focus on the question of what the legislature meant when it used the phrase "decision denying the claim for compensation" in ORS 656.386(1). Claimant contends that failure to pay a medical bill on time is an instance of a "decision denying the claim for compensation," because compensation "includes all benefits, including medical services, provided for a compensable injury," ORS 656.005(8). SAIF asserts that a "decision denying the claim for compensation" in ORS 656.386(1) means

"a decision by the insurer not to pay compensation on the ground that the *injury or condition* for which compensation is claimed is not compensable or otherwise does not give rise to an entitlement to compensation." (Emphasis in original; footnote omitted.)

For the reasons that follow, I agree with SAIF.

First, the text of ORS 656.386(1) itself makes SAIF's interpretation more likely. The statute uses the phrase "denying *the claim for* compensation" (emphasis added), rather than the phrase "denying compensation." Failure or refusal to pay a medical bill for an *accepted* injury or condition denies compensation, by denying the particular amount of benefits sought, but it generally does not deny *the claim for* compensation.[1] Claimant's interpretation of the statute thus reads the phrase "the claim for" out of the statute. By contrast, SAIF's interpretation gives meaning to all words in the statute. *See* ORS 174.010 (in construing a statute, the court is "not to * * * omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all").

Second, the statutory context reinforces SAIF's reading. Several sections of the workers' compensation law differentiate between a claimant's entitlement to compensation (compensability) and the amount of compensation owed for the claim if accepted (benefits). For example, ORS 656.266 provides that "[t]he burden of proving that an injury * * * is compensable *and* of proving the nature and extent of any disability resulting therefrom is upon the worker." (Emphasis added.) Further, ORS 656.262(10)(a)[2] expressly differentiates between unreasonably delaying or unreasonably refusing "to pay compensation" (benefits), on the one hand, and unreasonably delaying "acceptance or denial of a claim" (compensability), on the other.

---

[1] The submission of a medical bill concerning an injury or condition that has not already been accepted can constitute the claim for compensation. *See* ORS 656.005(3) (defining "claim"); ORS 656.262 (providing procedure to process claims); ORS 656.265(2) (notice of accident resulting in an injury need not be in any particular form). Moreover, an insurer or self-insured employer can use a benefit claim as an opportunity to deny the injury or condition for which benefits are sought. *See* ORS 656.262(6) (providing procedure to process claims). In those situations, the submission of a medical bill can give rise to a denial of "the claim for" compensation. Neither of those situations is involved in this case, however.

[2] ORS 656.262(10)(a) provides, in part:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due. * * * The entire additional amount shall be paid to the worker if the worker is not represented by an attorney. If the worker is represented by an attorney, the worker shall be paid one-half the additional amount, in lieu of an attorney fee."

Third, this court's prior cases recognized that "denying the claim for compensation" in ORS 656.386(1) means asserting that the injury is not compensable at all. In *Peterson v. Compensation Department*, 257 Or 369, 477 P2d 216 (1970), the insurer denied compensability of the claimant's claim for an injury. A referee upheld the denial, but the Board reversed and remanded the case to the referee for further proceedings relating to the denial. This court held that the claimant was not entitled to a fee at the time of the remand, under ORS 656.386(1), because the claimant had not yet prevailed. *Id.* at 374. In discussing the history and development of the statute, the court said that "the right to an attorney fee [under ORS 656.386(1)] has been and is dependent on establishing the right to compensation after an original rejection of the claim." 257 Or at 375. *See also Cavins v. SAIF*, 272 Or 162, 164-65, 536 P2d 426 (1975) (the claimant was entitled to attorney fees under ORS 656.386(1) when the insurer had denied a request for surgery on the ground that the surgery was not causally related to the accepted injury and thus had denied compensability of the condition for which the claimant sought compensation); *Ohlig v. FMC Marine & Rail Equipment*, 291 Or 586, 595-98, 633 P2d 1279 (1981) (the claimant was entitled to a fee under ORS 656.386(1) for overcoming the employer's "partial denial," when the employer had accepted compensability for an ankle injury but denied liability for a low back condition; denying the claim for compensation relates to a condition for which compensation is claimed); *Forney v. Western States Plywood, supra*, 297 Or at 632 (the claimant could not obtain attorney fees under ORS 656.386(1), because her "only claim was for the amount of compensation due on her aggravation claim," as distinct from "responsibility" for an unaccepted condition); *Short v. SAIF*, 305 Or 541, 545, 754 P2d 575 (1988) (this court distinguished between the amount of compensation or the extent of disability, on the one hand, and the question "whether the claimant's condition was caused by an industrial injury," on the other; ORS 656.386(1) does not apply to the former).[3]

---

[3] The only case in which this court arguably took the view that claimant urges on us is *Ellis v. McCall Insulation*, 308 Or 74, 775 P2d 316 (1989). In that case, the insurer stopped paying for the claimant's chiropractic treatments several years after a compensable injury, which the insurer had accepted, on the ground that they were

In the aggregate, the text, context, and prior interpretations suggest that a "decision denying the claim for compensation" within the meaning of ORS 656.386(1) is a decision not to pay compensation on the ground that the injury or condition is not compensable or otherwise does not entitle the claimant to compensation.[4] However, because the legislature's intent in that regard is not completely clear after the foregoing inquiry, I also examine the legislative history of the 1991 amendment to the statute.

The 1991 amendment to ORS 656.386(1) was enacted as part of Senate Bill 540. The legislative history of Senate Bill 540 demonstrates that the amendment was enacted for the purpose of overruling *Duane L. Jones*, 42 Van Natta 875 (1990), *aff'd in Jones v. OSCI*, 107 Or App 78, 810 P2d 1318, *on recons* 108 Or App 230, 814 P2d 558 (1991),[5] and for the purpose of authorizing attorney fees when the compensability of a claim for workers' compensation has been denied and the employer or insurer rescinds the denial through the efforts of the claimant's lawyer.

During consideration of Senate Bill 540, a member of the workers' compensation claimants' bar who was the principal witness at the Senate and House hearings testified:

> "[Senate Bill 540] requires that insurers or self-insured employers pay an attorney's fee over and above any compensation when a denial is rescinded prior to the matter going to hearing. As I say, that was the law and that was the practice in workers' compensation until the Workers' Compensation

---

not related to the compensable injury. This court held that the insurer's failure to respond in a timely manner was not an acceptance of responsibility for payment of the bills. In so holding, this court "assume[d] that [claimant's] unpaid chiropractic bills were 'claims' under ORS 656.262(6)." *Id.* at 77 (footnote omitted). That assumption was not a holding, however.

[4] Other bases for denying compensation could include, for example, that the particular employer is not responsible for the compensable injury or that the claim was filed too late.

[5] In *Duane L. Jones*, 42 Van Natta 875 (1990), *aff'd in Jones v. OSCI*, 107 Or App 78, 810 P2d 1318, *on recons* 108 Or App 230, 814 P2d 558 (1991), the Board and the Court of Appeals held that the former version of ORS 656.386(1) "provide[d] no basis for an award of insurer-paid attorney fees to a claimant when the employer withdraws its denial of the claim after the claimant's request for hearing has been filed but before the referee has decided the matter." 108 Or App at 232. The underlying issue in the *Jones* case was *compensability* of the claimant's injury. 107 Or App at 82.

Board issued a case about a year ago called *Duane Jones*. * * * [I]t's my belief that this bill only reverses the *Duane Jones* case." Tape Recording, Senate Committee on Labor, March 20, 1991, Tape 40, Side A.

The same witness made similar comments to the House Committee on Labor, emphasizing that this bill applies when the insurer or self-insured employer "rescinds their denial." Tape Recording, House Committee on Labor, May 27, 1991, Tape 148, Side B. *See also* Tape Recording, House Committee on Labor, May 29, 1991, Tape 154, Side B (statement of Representative Mannix supporting that testimony, that lawyers who "succeed[] in convincing the insurance company that the claim was good before going to hearing would be awarded an attorney fee").

On the floor of the Senate, Senator Kerans stated that "Senate Bill 540 reverses what's known as the *Jones* decision" and permits attorney fees where a lawyer worked "to advance your claim, even though it had been denied by the insurer, if the insurer, even up to the minutes before a hearing was held, reversed field and said, okay, we will no longer resist your claim, but, in fact, accept it." Tape Recording, Senate Floor Debate, March 27, 1991, Tape 50, Side A.

Those statements of legislators and of the principal witness are couched in terms of denial versus acceptance of compensability of the underlying claim. And, the *Jones* case, which Senate Bill 540 was designed to overrule, was a case in which the compensability of the underlying claim had been denied. The legislative history thus confirms what the text, context, and prior interpretations suggest. A "decision denying the claim for compensation" within the meaning of ORS 656.386(1) is a decision not to pay compensation on the ground that the injury or condition is not compensable or otherwise does not entitle the claimant to compensation.

Claimant's final contention is that the failure to pay medical bills, or at least to respond definitively to a written request to pay medical bills, within the time set by statute[6] is

---

[6] ORS 656.262(6) requires that an employer or insurer respond within 90 days to claims for compensation in the first instance. The Board has applied the time limit in ORS 656.262(6) to claims for payment of medical services since 1983, *Billy J. Eubanks*, 35 Van Natta 131 (1983). This court assumed the correctness of that application in *Ellis v. McCall Insulation, supra* note 3, 308 Or at 77.

a "de facto" denial of the underlying claim for compensation. I disagree.

I note, first, that the legislature has drawn a distinction between *delay* and *denial*. ORS 656.262(10)(a) provides for a penalty when an "insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim." If delay in paying compensation were the equivalent of denial of a claim, the two phrases in that statute would be redundant. The statutory context, therefore, weighs against claimant's suggested interpretation of the concept of denying a claim.

Second, and more fundamentally, this claim could not have been denied by silence when claimant submitted the medical bills in question, because the claim already had been accepted. In *Bauman v. SAIF*, 295 Or 788, 790, 670 P2d 1027 (1983), this court held that the version of ORS 656.262(6) then in effect barred an employer from denying a claim that previously had been accepted. *See also Johnson v. Spectra Physics*, 303 Or 49, 58, 733 P2d 1367 (1987) ("An insurer's failure to respond to a claim or one aspect of a claim is neither acceptance nor denial"). ORS 656.262(6) has been amended to provide in part that,

> "if the insurer or self-insured employer accepts a claim in good faith but later obtains evidence that the claim is not compensable or evidence that the paying agent is not responsible for the claim, the insurer or self-insured employer, at any time up to two years from the date of claim acceptance, may revoke the claim acceptance *and issue a formal notice of claim denial*." (Emphasis added.)

Thus, denial of a claim that previously had been accepted requires specific formalities, which did not occur in this case. Mere silence on receipt of a medical bill did not become a denial of the claim.

In this case, SAIF agreed that claimant's injury was compensable, and a binding order made SAIF responsible for claimant's neck condition. SAIF paid a number of medical bills (totaling over $11,400) related to that accepted condition, before claimant submitted the four bills at issue. The late payment of those four medical bills was not a denial of the

claim and, therefore, did not entitle claimant to attorney fees under ORS 656.386(1).

The majority turns ORS 656.262(6) on its head. As just noted, that statute provides that an insurer or self-insured employer who has accepted a claim in good faith, but who "later obtains evidence that the claim is not compensable or evidence that the paying agent is not responsible for the claim," may, within two years, "revoke the claim acceptance and issue a formal notice of claim denial." Also, as just noted, SAIF accepted claimant's claim, and a binding order made SAIF responsible for it. When SAIF disagreed with four of claimant's many medical bills and failed to pay them within 90 days of receipt, SAIF did not "revoke the claim acceptance and issue a formal notice of claim denial." The reason was, of course, that SAIF did not then, and does not now, assert that the claim is not compensable or that it is not responsible for the claim; it simply disagreed with the amount of four of claimant's many medical bills and paid them more than 90 days after receiving them.

The majority holds that, because SAIF failed to follow ORS 656.262(6), it *did* actually "revoke the claim acceptance" and was subject to paying attorney fees for doing so. 320 Or at 209-19. That reasoning is backwards. This was an accepted claim. When SAIF did not follow the procedure set forth in ORS 656.262(6) for "revoking the claim acceptance," *the claim acceptance was not revoked, and the claim remained an accepted claim.* There was no denial of the claim. Perhaps the convoluted reasoning of the majority stems from an effort to avoid the fact that ORS 656.262(6) uses the term "the claim" in the same manner as I assert it is used in ORS 656.386(1) — to mean the original claim for compensation regarding the overall injury or condition.[7]

---

[7] The text of ORS 656.262(6) makes clear that the legislature used the term "claim" in that provision to mean the original claim for compensation regarding the overall injury or condition. The text of that provision also distinguishes between "a claim" and "medical benefits." For example, ORS 656.262(6) provides in part:

"However, if the worker requests a hearing on such [formal backup] denial, the insurer or self-insured employer must prove by clear and convincing evidence that *the claim is not compensable or that the paying agent is not responsible for the claim.* * * * Pending acceptance or denial of *a claim*, compensation payable to a claimant does not include the costs of *medical benefits* or burial expenses. * * * The notice of acceptance shall:

Even using the majority's definition of "claim," under which each of the medical bills was a "claim," there was no denial. There was only late payment, for which a penalty is exclusive of attorney fees. *See* ORS 656.262(10)(a) (penalty is exclusive of attorney fees for late payment of benefits).

A related, and equally fundamental, error of the majority is its use of the usual statutory definitions of "claim" and "compensation." 320 Or at 201-05. This court construed ORS 656.003 in *Astleford v. SAIF*, 319 Or 225, 232-33, 874 P2d 1329 (1994):

> "With respect to ORS 656.003, this court implicitly concluded in *SAIF v. Stephen*, [308 Or 41, 774 P2d 1103 (1989),] that the legislature did not seek uniformity of definitions unless a different definition is *compelled*, but rather sought uniformity only so far as it is *appropriate* to the sensible functioning of the workers' compensation system as a whole. *See* Webster's Third New Int'l Dictionary 1929 (unabridged ed 1993) ('require' means, among other things, 'to call for as suitable or appropriate in a particular case'). *See also Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992) (when Supreme Court construes a statute, that construction becomes part of the statute). Thus, under ORS 656.003, 'the context * * * requires' that a given statutory definition not apply when the context — including the structure and purpose of the workers' compensation scheme as a whole — demonstrates that the use of that given definition would be inappropriate, because the result of such use would conflict with one or more aspects of that structure or purpose. We proceed to apply that standard to the question at hand."

Under the *Astleford* standard, "the context * * * requires," ORS 656.003, that the statutory definitions of "claim" and "compensation" not apply here. There are at least two reasons why "the context * * * requires" that those definitions not apply in this case:

■ ORS 656.386(1) refers to a "decision denying *the* claim for compensation." (Emphasis added.) The use of "the" before "claim" implies that there is a single, previously

---

"(a) Specify *what conditions are compensable*.

"(b) Advise the claimant whether *the claim* is considered disabling or nondisabling." (Emphasis added.)

defined "claim" being referred to — the original claim for the injury or condition, rather than every medical bill thereafter sent in on the accepted claim.

■ This court already had construed the phrase "denying the claim for compensation" in the other sentences in ORS 656.386(1) definitively to mean the original claim for the injury or condition, before the disputed third sentence was added to that section. Because of those decisions concerning the other sentences in ORS 656.386(1), the majority's reading puts claimants who prevail before a hearing begins in a different and more favorable position than claimants who prevail after a hearing takes place. The legislature sought parity, not disparity.

To summarize, there was no "decision denying the claim for compensation" in this case. Claimant is not entitled to an attorney fee under ORS 656.386(1), and I dissent from the majority's contrary holding.

Carson, C. J., and Gillette, J., join in this opinion.