Argued and submitted September 16, affirmed December 7, 1994

In the Matter of the Compensation of
Michael S. Blackwell, Claimant.

SAIF CORPORATION
and US/LTA Corporation,
*Petitioners,*

*v.*

Michael S. BLACKWELL,
*Respondent.*

(93-01486; CA A83105)

886 P2d 1028

James W. Moller, Special Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Allison Tyler argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

SAIF seeks review of an order of the Workers' Compensation Board that awarded claimant a carrier-paid attorney fee under ORS 656.386(1) for having succeeded, without a hearing, in having SAIF issue an express acceptance of claimant's knee conditions requiring treatment. We affirm.

Claimant injured his left knee at work on May 27, 1992. The injury was initially diagnosed as a strain. By written notice dated June 16, 1992, SAIF accepted a non-disabling claim for left knee strain due to hyperextension.

In the meantime, claimant's doctor began to suspect a ligament injury. Claimant had surgery on June 19, 1992, to repair a medial meniscus. The surgery also disclosed tears of the anterior cruciate ligaments as well as minor scoring of the medial femoral condyle.

On June 26, 1992, SAIF wrote to claimant to advise him that his claim was reclassified as disabling. On July 6, 1992, SAIF received its first notice that claimant might have a torn medial meniscus. The next day, SAIF received the operative report from claimant's June 19, 1992, surgery. SAIF paid for the surgery. Claimant had additional surgery on September 16, 1992, for anterior cruciate ligament reconstruction and lateral meniscus repair. SAIF processed and paid for that surgery as well. SAIF also paid for eight weeks of physical therapy. SAIF never expressly accepted or denied any of the conditions for which claimant underwent surgery and treatment.

On February 4, 1993, claimant's counsel requested a hearing, challenging SAIF's "*de facto* denial" of the meniscal and cruciate ligament tears and the scoring of the medial femoral condyle. Claimant also challenged SAIF's initial failure to classify the claim as disabling. At the time the hearing was requested, all of claimant's medical bills had been paid and the claim was classified as disabling.

On March 23, 1993, SAIF's claims adjuster wrote a letter to claimant's counsel indicating that, although, based on what was known of claimant's condition at the time of acceptance, the originally accepted condition was left knee strain, benefits had been paid for all the conditions that have

subsequently come to light, and those conditions "are accepted as part of the original injury." The adjuster completed a Form 1502, indicating a change in the acceptance so as to include the other conditions.

At the hearing on May 5, 1993, the only issue was claimant's entitlement to a carrier-paid attorney fee under ORS 656.386(1). No evidence was taken. The referee concluded that SAIF's failure to formally accept claimant's conditions within 90 days was a *de facto* denial of the conditions, that claimant's attorney had been instrumental in obtaining compensation for claimant, and that claimant was entitled to attorney fees. The Board affirmed.

■ Under the Supreme Court's recent opinion in *SAIF v. Allen*, 320 Or 192, 881 P2d 773 (1994), the reports showing that claimant was in need of medical treatment for knee conditions other than knee strain were "claims" for compensation for purposes of ORS 656.386(1). Further, SAIF's conduct in failing to expressly accept or deny the claims within the required statutory period were *de facto* denials of those claims.

■■ As the Supreme Court indicated in *SAIF v. Allen, supra*, there are at least two circumstances under which an insurer-paid attorney fee might be available under ORS 656.386(1) when no hearing is held on the merits. Attorney fees are available if the condition or injury itself has been denied, either expressly or *de facto*, and the claimant's attorney succeeds in gaining the acceptance of the condition or injury. *See Jones v. OSCI*, 107 Or App 78, 810 P2d 1318, *mod* 108 Or App 230, 814 P2d 558 (1991). Additionally, insurer-paid attorney fees are available under ORS 656.386(1) if a claim for medical treatment has been denied, either expressly or *de facto*, and it is not possible to determine whether the denial encompasses the compensability of the condition or injury for which treatment is sought, and the claimant's attorney succeeds in gaining acceptance of the treatment. *SAIF v. Allen, supra*, 320 Or at 222.

By failing to expressly accept treatment of claimant's ligament injury, SAIF denied that injury *de facto*. Before

hearing, claimant succeeded in gaining SAIF's express acceptance of the conditions as well as their treatment. Accordingly, claimant's attorney is entitled to an insurer-paid attorney fee for gaining acceptance of the denied conditions and medical bills.

■ SAIF contends that, because all bills had been paid, claimant's attorney was not "instrumental in obtaining compensation," as required by the statute, and he is not entitled to an insurer-paid attorney fee. We conclude that, under the Supreme Court's interpretation of the statute, it is not necessary that there be unpaid medical bills for the claimant to be entitled to insurer-paid attorney fees. The gaining of the express acceptance of the conditions is in and of itself a sufficient basis on which to award attorney fees. Considering the words "instrumental in obtaining compensation" in the context of the statute and in the light of *SAIF v. Allen, supra,* and *Jones v. OSCI, supra,* we conclude that the legislature did not intend to limit the claimant's entitlement to insurer-paid attorney fees to cases involving unpaid bills.

■ In summary, under *SAIF v. Allen, supra,* the compensability of a condition or injury can be denied *de facto,* because of the insurer's failure to either accept or deny the claim within the time prescribed by ORS 656.262(6), or by virtue of the insurer's failure to limit the scope of it denial of medical treatment by confining it to the amount of compensation or the extent of disability. If the claimant's attorney succeeds in gaining acceptance of a denied condition or injury or payment of the medical treatment, then the attorney has been instrumental in obtaining compensation, and the claimant is entitled to an insurer-paid attorney fee under ORS 656.386(1).

Affirmed.