Argued and submitted September 23, 1994, reversed and remanded for award of attorney fees January 4, 1995

In the Matter of the Compensation of
Hartmut Karl, Claimant.

Hartmut KARL,
*Petitioner,*

*v.*

CONSTRUCTION EQUIPMENT COMPANY
and Liberty Northwest Insurance Corporation,
*Respondents.*

(92-04048; CA A82608)

888 P2d 94

Bruce A. Bottini argued the cause for petitioner. On the brief were John M. Oswald and Bottini & Bottini, P.C.

Douglas A. Schoen argued the cause for respondents. On the brief was Alexander D. Libmann.

Before Richardson, Chief Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board holding that he is not entitled to an award of insurer-paid attorney fees for having prevailed on a claim for medical treatment. We conclude that claimant is entitled to attorney fees under *SAIF v. Allen*, 320 Or 192, 881 P2d 773 (1994), and reverse and remand.

Claimant injured both knees in April, 1990, while employed at Construction Equipment Company. His claim was accepted and closed by a determination order in October, 1990, with an award of permanent partial disability.

After claim closure, claimant suffered increased pain in his left knee. Medical opinions confirmed that the knee condition had worsened. Insurer denied claimant's aggravation claim. The referee upheld the denial, and claimant requested Board review. In the meantime, claimant continued to seek and receive treatment for his left knee. Claimant requested a hearing concerning insurer's "*de facto* denial" of his claim for medical services related to the compensable knee injury, *i.e.*, its failure to pay claimant's medical bills. The referee stated that, because it was unclear whether the bills were contested on the basis of their causal relationship to the compensable injury or on a "proprietary ground," he could not determine whether he had jurisdiction to consider the insurer's refusal to pay claimant's medical bills, or whether the matter was exclusively within the jurisdiction of the Director. Claimant again appealed to the Board.

Thus, two matters were pending simultaneously before the Board: the question of the compensability of the aggravation claim, and the denial of medical treatment for the compensable knee injury. In December, 1992, the Board ruled that the denial of the aggravation claim should be set aside. It held that claimant's knee condition was causally related to his compensable injury and that he had established an aggravation claim. It awarded insurer-paid attorney fees to claimant "for services regarding the aggravation issue." Insurer did not seek review of that order.

In October, 1993, the Board issued its order concerning the medical treatment dispute. The Board ruled that the prior litigation concerning the aggravation claim had

involved the causal relationship between claimant's current knee condition and his compensable injury. In the light of the fact that the referee had expressly found a relationship between the need for treatment and the compensable injury, the Board held, as a matter of law, that the disputed medical bills were related to the compensable injury, and that insurer was precluded from asserting that the medical bills were not related to the compensable injury. It held that insurer is obligated to pay the bills pursuant to the Board order setting aside the aggravation claim denial. The Board awarded claimant an additional attorney fee under ORS 656.386(1) for having prevailed on the question of the compensability of medical treatment. On reconsideration, and relying on our opinion in *SAIF v. Allen*, 124 Or App 183, 861 P2d 1018 (1993), the Board withdrew the award of attorney fees, reasoning that the dispute concerned only the payment of medical bills related to a compensable claim.

In the light of *SAIF v. Allen, supra,* we conclude that this case must be remanded to the Board for an award of insurer-paid attorney fees. There is no indication in this record that insurer's denial of medical bills was limited to the amount of compensation due. Accordingly, for purposes of ORS 656.386(1), the denial is assumed to encompass the compensability of the condition for which treatment was sought.

Reversed and remanded for award of attorney fees.