Argued on remand from the Oregon Supreme Court March 27, affirmed
April 19, 1995

In the Matter of the Compensation of
Gayle J. Williams, Claimant.

## SAIF CORPORATION
and Southcoast Lumber Co.,
*Petitioners,*

*v.*

Gayle J. WILLIAMS,
*Respondent.*

(91-10443; CA A76540)

893 P2d 577

David L. Runner, Assistant Attorney General, argued the cause for petitioners. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

James L. Edmunson argued the cause for respondent. With him on the briefs was Malagon, Moore, Johnson & Jensen.

Before Riggs, Presiding Judge, and Richardson, Chief Judge, and Leeson, Judge.

LEESON, J.

## LEESON, J.

This case is on remand from the Supreme Court for reconsideration in the light of *SAIF v. Allen*, 320 Or 192, 881 P2d 773 (1994). *SAIF v. Williams*, 320 Or 406, 884 P2d 867 (1994). On reconsideration, we affirm the Board's order awarding an attorney fee under ORS 656.386(1).

Claimant sustained a compensable injury in March 1986. In December 1990, she submitted to SAIF for reimbursement mileage and meal vouchers that related to physicians' visits. Claimant received neither payment nor written notice of acceptance or denial within 90 days. ORS 656.262(6). Her attorney filed a request for a hearing and demanded payment of the unpaid reimbursements. SAIF then reimbursed claimant. The Board awarded an attorney fee under ORS 656.386(1), on the ground that claimant's attorney had been instrumental "in obtaining compensation on behalf of his client," and assessed a penalty equal to 25 percent of the reimbursements. ORS 656.262(10). SAIF petitioned for review, and we reversed the award of an attorney fee. *SAIF v. Williams*, 124 Or App 203, 861 P2d 1025 (1993). The Supreme Court allowed review and reversed and remanded for reconsideration.

SAIF argues that we should adhere to our previous reversal of the portion of the Board's order that awarded an attorney fee under ORS 656.386(1). It contends that, although an insurer's failure to pay or deny vouchers associated with medical bills for an accepted injury within 90 days of receiving the bill is, presumptively, a denial of the injury or condition for which compensation is sought, that presumption can be overcome by evidence showing that the denial was not intended to encompass the compensability of the claim. SAIF argues that the presumption is overcome in this case, because the record establishes that SAIF's failure to reimburse claimant within 90 days was due to an inadvertent filing error. Claimant responds that, whether or not the denial was inadvertent, it is presumed to encompass the compensability of the claim and that that presumption may not be overcome with evidence about the actual reason for the denial. Because SAIF failed to accept the claim within 90 days, claimant had to prepare for a hearing at which she would have been required to prove her entitlement to the

unpaid benefits. Therefore, she contends, SAIF's failure to pay within the time required was a denial of her claim, for which her attorney is entitled to a fee under ORS 656.386(1).

■     We agree with claimant. SAIF's failure to respond within 90 days left claimant subject to the risk that the compensability of her claim had been denied. Although the denial was inadvertent, at the time when the claim was denied, claimant had no way to know whether the denial encompassed the compensability of the claim. Because of that, the denial is presumed conclusively to encompass the compensability of the claim, and attorney fees are available under ORS 656.386(1) if claimant's attorney was instrumental in obtaining compensation. *See Allen*, 320 Or at 217 (unless insurer makes clear that denial does not dispute compensability, claimant is subject to statutory burden to prove compensability).

■ ■     SAIF argues that, notwithstanding *Allen*, under *SAIF v. Blackwell*, 131 Or App 519, 886 P2d 1028 (1994), and *Karl v. Construction Equipment Co.*, 132 Or App 293, 888 P2d 94 (1995), an insurer may establish at the hearing the reason for the denial and may offer proof that the denial was not intended to encompass the compensability of the claim. Those cases do not stand for that proposition. An insurer's explanation as to its motive for denying a claim, or its explanation as to what was intended to be encompassed in the denial, is irrelevant for the purpose of determining the claimant's entitlement to an attorney fee under ORS 656.386(1). As the Supreme Court said in *Allen*, if the denial itself does not expressly state that it is limited to the bill not paid and does not encompass the compensability of the claim, it is presumed to encompass the compensability of the claim. 320 Or at 217. That presumption is conclusive as to the effect of the denial.

Affirmed.